# Leges Advokat

*Адвокатская фирма / Law Firm*

Город Ташкент, 700003, улица Тураб Тула, 1
Turob Tula str., 1, Tashkent, 700003
Tel.:    (998 71) 132 62 24, 132 62 21
Fax:    (998 71) 139 15 92
Web site: www.leges.uz  E-mail: info@leges.uz

## DECLARATION OF MR. AZAMAT R. FAYZULLAEV

1. I have been asked to prepare this declaration of Uzbek law in connection with the case of *ROZ Trading Ltd. v. Zeromax Group, Inc.*, No. 06-cv-01040 in the United States District Court for the District of Columbia.

2. I am the founder and Director of the law firm "Leges Advokat" in Tashkent, Uzbekistan. I have been practicing law in Uzbekistan since 1994. My license to practice law in Uzbekistan was issued by the Ministry of Justice of Uzbekistan under Number 1090. A copy of my curriculum vitae, which describes my professional experience and educational background in more detail, is attached to this declaration as **Exhibit A**. I am familiar with Uzbek corporate law and routinely advise foreign corporations doing business in Uzbekistan. In particular, I have experience in forming joint ventures between foreign corporations and Uzbek corporations and Uzbek state-owned entities.

3. I speak, read and write the English language. I am over 21 years of age and I am making this declaration in English of my own free will and with a full understanding of its contents.

## I.    STATE REGISTRATION REQUIREMENTS FOR UZBEK COMPANIES WITH FOREIGN INVESTMENT

4. The Government of Uzbekistan has issued specific decrees and has enacted specific legislation governing Uzbek companies with foreign investment. In particular, Decree of the President of the Republic of Uzbekistan № УП – 1652 dated 30 November 1996 ("Decree No. 1652"), as amended, requires companies with foreign investment (i) to register with the Ministry of Justice, (ii) to establish a charter fund of at least USD 150,000 (or its equivalent in local currency)[1] within one year starting from the date of state registration unless otherwise specifically provided by government decrees, and (iii) to have at least one foreign entity as the shareholder of the company with a share in the company's charter fund of at least 30 percent. The procedures for state registration of commercial entities are regulated by the specific Regulation approved by the

---

[1] For the Uzbek companies with foreign investments being established in the Republic of Karakalpakstan (an autonomy within the jurisdiction of Uzbekistan) and in Khorezm region the charter fund requirement is USD 75,000.

1

Resolution of the Cabinet of Ministers of the Republic of Uzbekistan No. 357 dated 20 August 2003.

5. Under this Regulation, state registration of companies with foreign investments located in the City of Tashkent is carried out by the Ministry of Justice of Uzbekistan, and state registration of companies with foreign investments located in other regions of Uzbekistan is carried out by the relevant regional department of the Ministry of Justice of Uzbekistan.

6. State registration of commercial entities, including companies with foreign participation, is carried out upon submission of the set of documents required by the Regulation.

7. State registration of a legal entity is evidenced by a Certificate on State Registration of the Legal Entity, which the Ministry of Justice issues after completion of all internal procedures related to state registration of the legal entity.

8. In addition to the issuance of the Certificate on State Registration, the Ministry of Justice registers the charter of a legal entity by attaching its stamp on the front page of the charter and affixing the legal entity's registration number and date.

9. I have reviewed Letter No. 21 of the Ministry of Justice of the Republic of Uzbekistan, Department of Justice of the Tashkent Region ("Ministry of Justice"), dated 21 February 2003, and the accompanying Certificate of State Registration No. 13, which are attached hereto as **Exhibit B**.  These are official Uzbek company registration documents issued by the Ministry of Justice.  These documents demonstrate that Muzimpex was registered with the State on 28 February 2003, as an Uzbek-American joint venture in the form of limited liability company under Certificate of State Registration No. 13.

10. I have reviewed the Charter of Muzimpex dated 21 February 2003, which is attached hereto as **Exhibit C**.  The charter of Muzimpex is duly registered by the Ministry of Justice as reflected by the Ministry of Justice stamp on the front page of the charter and the registration date and number.

11. I have reviewed Ministry of Justice Letter No. 63, dated 20 July 2005, and the accompanying Changes and Amendments to the Charter of Muzimpex Uzbek-American Joint Venture, which are attached hereto as **Exhibit D**.  These are official Uzbek company registration documents issued by the Ministry of Justice.  These documents confirm that as of 8 July 2005, the foreign member of Muzimpex was Zeromax LLC, an American company, and that the Uzbek Member was RTPF Tijorat.

12. I have reviewed Certificate of State Registration No. 13, dated 9 November 2005, which is attached hereto as **Exhibit E**.  This is an official Uzbek company registration document issued by the Ministry of Justice.  This document demonstrates that Muzimpex was re-registered with the State on 9 November 2005, as an

2

Uzbek-Swiss joint venture in the form of limited liability company under Certificate of State Registration No. 13.

13. Under the Law of the Republic of Uzbekistan "On Limited and Additional Liability Companies" No. 310-II dated 6 December 2001, any changes and amendments to the foundation documents of the limited liability company (whether it is a company with foreign investments or not) are subject to state registration by the same authority, which registered the limited liability company. Further, any legal entity in Uzbekistan (including companies with foreign investments) are required to apply for a new Certificate of State Registration if the legal name of such legal entity indicated in the Certificate of State Registration changed due to any reason, including change in its constituent members.

14. I have reviewed Ministry of Justice Letter No. 140, dated 11 December 2005, and the accompanying Changes and Amendments to the Charter of Muzimpex Uzbek-Swiss Joint Venture, which are attached hereto as **Exhibit F**. These are official Uzbek company registration documents issued by the Ministry of Justice. These documents identify the new Foreign Member as ZeroMax GmbH (Switzerland). The Uzbek Member remained RTPF Tijorat.

## II. VALIDITY, FORCE AND EFFECT OF THE SEPTEMBER 11, 2002 DECISION OF THE SUPREME ECONOMIC COURT OF THE REPUBLIC OF UZBEKISTAN

15. The upper level of the Uzbek judicial system consists of: the Constitutional Court, which renders decisions on the constitutionality of acts of the legislative and executive branches; the Supreme Court, which acts as both a court of first instance and an appellate court for civil and criminal cases, and which analyzes court practice and oversees the work of the lower level courts; and the Supreme Economic Court, which has the same functions as the Supreme Court, but deals exclusively with commercial cases involving legal entities (foreign and local) and individual entrepreneurs.

16. Under the Constitution of the Republic of Uzbekistan the Supreme Economic Court of the Republic of Uzbekistan is the highest court in Uzbekistan authorized to hear the cases between the enterprises, entrepreneurs and organizations of various forms of ownership. This court hears only disputes in the sphere of economy and is a court of last resort. Decisions of the Supreme Economic Court are legally valid, binding and enforceable in Uzbekistan.

17. I have reviewed the 11 September 2002 decision of the Supreme Economic Court of the Republic of Uzbekistan, Case No. 10-0207/1409 (**Exhibit G**), in which the Court, *inter alia*, upheld the decision of the Economic Court of the City of Tashkent of 3 June 2002, removing the participatory interest of ROZ Trading for the benefit of ROZ Uzbekistan to pay its debts to the State budget. This decision is consistent with Decree No. 327 of the Cabinet of Ministers dated 3 July 1999 (**Exhibit**

3

**H**), which *inter alia* provides for the liquidation of companies that have not established their declared charter funds in due time.

18.  The 11 September 2002 decision is legally binding, valid and enforceable under Uzbek law.

### III. VALIDITY, FORCE AND EFFECT OF DECREE NO. 420 OF THE CABINET OF MINISTERS OF THE REPUBLIC OF UZBEKISTAN

19.  Under Article 98 of the Constitution of the Republic of Uzbekistan, the Cabinet of Ministers is granted the authority to issue resolutions and decrees binding on all state authorities, enterprises, organizations, state officials and citizens and enforceable under Uzbek legislation. The authority of the Cabinet of Ministers of Uzbekistan to issue legally binding resolutions and decrees is further established by the Law of the Republic of Uzbekistan "On the Cabinet of Ministers of the Republic of Uzbekistan" No. 818-XII dated 6 May 1993 and by the Law of the Republic of Uzbekistan "On normative and legal acts" No. 160-II dated 14 December 2000.

20.  I have reviewed Decree No. 420-ф of the Cabinet of Ministers of the Republic of Uzbekistan dated 5 July 2002  (**Exhibit I**).  Pursuant to this Decree, the participatory interest of ROZ Trading, which was removed from the Company for the payment of debts of ROZ Uzbekistan to the State budget, was transferred to the State.

21.  Decree No. 420-ф of the Cabinet of Ministers is a valid, binding and enforceable decree of the Cabinet of Ministers under Uzbek law.

### IV. STATE DENATIONALIZATION AND PRIVATIZATION LAWS AND PROCEDURES

22.  The primary law governing matters related to privatization of state property in Uzbekistan is the Law "On Denationalization and Privatization" No. 425-II dated 19 November 1991. The Privatization Law defines the legal form of the concept of privatization in Uzbekistan, which consists of citizens' and private legal entities' acquisition of state-owned facilities or shares in state-owned joint-stock companies.

23.  The Government of Uzbekistan determines the facilities subject to privatization under an annually approved program of privatization of state-owned facilities during the current year and such privatization is carried out solely based on the legislation of the Republic of Uzbekistan existing at the time of privatization.

24.  The State Committee of the Republic of Uzbekistan on Management of State Property  ("SPC"), is an Uzbek governmental body responsible for the privatization of state property.  The SPC is accountable to the Cabinet of Ministers of the Republic of Uzbekistan and derives its authority from the Constitution and the laws of Uzbekistan, decrees and orders of the President of Uzbekistan, and resolutions of the of Cabinet of Ministers of the Republic of Uzbekistan and Regulation "On the State Property Committee" as approved by the Resolution of the President of the Republic of

4

Uzbekistan No. ПП-335 dated 26 April 2006. The SPC's mission is to promote economic growth, foreign investment and competition, particularly in the production and services industries. The SPC achieves its mission through, *inter alia*, the sale of state-owned shares of the enterprises, the sale of the State's property, establishing the starting price of the state-owned property for sale, acting on behalf of the State in the capacity of the shareholder or constituent member of the companies where the State has its shares.

25. Decisions issued by the SPC are binding upon ministries, departments, concerns, associations, organizations (conglomerations), institutions, and local government authorities.

26. I have reviewed SPC Order No. 120k-no, dated 13 September 2004 "Concerning the sale of 57,118 percent of State owned participatory interest in the Charter capital of "Coca-Cola Ichimligi Uzbekistan Ltd" Uzbek-American JV ("CCBU") (**Exhibit J**). This Order is the official form of order issued by SPC. The Order was issued by SPC by virtue of powers and authorities granted to it by the Resolution of the Cabinet of Ministers of the Republic of Uzbekistan No. 171 dated 29 March 1994 (which was in force as of the date of issue of the Order). Further, the Order was issued in compliance with the Law on "Limited and Additional Liability Companies" and in order to ensure the directives of the "Consumer Goods Production and Trade" body of the Cabinet of Ministers of the Republic of Uzbekistan.

27. The Order reflects the State's approval of the sale of the state-owned participatory interest in CCBU to Muzimpex and outlines the terms of that sale. The Order was circulated to the Departments of the State Property Committee specializing in "Withdrawal from State's Ownership and Privatization," "Management of State Property," "Finance and Accounting," "Consumer Goods Production and Privatization in the Sphere of Trade," and the "Regional Department of Tashkent."

28. The Order is legally valid, binding and enforceable in Uzbekistan, unless it is abolished or amended, in whole or in part, by the SCP itself or by the state authorities of superior power.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Tashkent, Uzbekistan, the 23rd day of August, two thousand and six.

Mr. Azamat R. Fayzullaev