**Leges Advokat**

*Адвокатская фирма / Law Firm*

Город Ташкент, 700003, улица Тураб Тула, 1
Turob Tula str., 1, Tashkent, 700003
Tel.:   (998 71) 132 62 24, (998 71) 132 62 21
Fax:    (998 71) 139 15 92
Web site: www.leges.uz   E-mail: info@leges.uz

## DECLARATION OF MR. AZAMAT R. FAYZULLAEV

I, Azamat R. Fayzullaev, declare as follows:

1. I have been asked to prepare this declaration of Uzbek law in connection with the case of *ROZ Trading Ltd. et al. v. Zeromax Group, Inc. et al.*, No. 06-CV-01040-CKK in the United States District Court for the District of Columbia.

2. I am the founder and Director of the law firm "Leges Advokat" in Tashkent, Uzbekistan. I have been practicing law in Uzbekistan since 1994. My license to practice law in Uzbekistan was issued by the Ministry of Justice of Uzbekistan under Number 1090. A copy of my curriculum vitae, which describes my professional experience and educational background in more detail, is attached to this declaration (**Exhibit A**). I am familiar with Uzbek corporate law and routinely advise foreign corporations doing business in Uzbekistan. In particular, I have experience in forming joint ventures between foreign corporations and Uzbek corporations and Uzbek State-owned entities.

3. I speak, read and write the English language. I am over 21 years of age and am making this declaration in English of my own free will and with a full understanding of its contents.

I. **STATE REGISTRATION REQUIREMENTS FOR UZBEK COMPANIES WITH FOREIGN INVESTMENT**

4. The Government of Uzbekistan has issued specific decrees and enacted specific legislation governing Uzbek companies with foreign investment. In particular, Decree of the President of the Republic of Uzbekistan № УП–1652 dated 30 November 1996 ("Decree No. 1652"), as amended, requires companies with foreign investment (i) to register with the Ministry of Justice, (ii) to establish a charter fund of at least USD 150,000 (or its equivalent in local currency)[1] within one year of the date of State registration, unless otherwise specifically provided by government decree, and (iii) to have at least one foreign entity as the shareholder of the company with a share in the company's charter fund of at least 30 percent. The procedures for State registration of commercial entities are regulated by the specific Regulation approved by the Resolution of the Cabinet of Ministers of the Republic of Uzbekistan No. 357 dated 20 August 2003.

5. Under the Law of the Republic of Uzbekistan "On Limited and Additional Liability Companies," No. 310-II dated 6 December 2001 ("LLC Law"), documents required for the establishment and registration of a limited liability company include the foundation agreement and charter (together, the "Foundation Documents"). The foundation agreement is a

---

[1] For the Uzbek companies with foreign investments being established in the Republic of Karakalpakstan (an autonomy within the jurisdiction of Uzbekistan) and in Khorezm region the charter fund requirement is USD 75,000.

contract made between the company's shareholders which regulates their respective rights and obligations. The charter is the document of the company itself, defining, *inter alia*, the shareholders, their respective share ownership, and the company's charter fund amount.

6. Pursuant to the LLC Law, only those individuals and legal entities listed in the Foundation Documents are considered participants, or shareholders, of the limited liability company. Under Uzbek law, a limited liability company and its shareholders maintain separate legal identities. Any property acquired by a limited liability company is owned solely by the company, and cannot be deemed to be held by the shareholders. Further, shareholders of a limited liability company generally cannot be held liable for the acts of the company unless, pursuant to Article 48 of the Civil Code of the Republic of Uzbekistan, they cause the company's insolvency through unlawful conduct.

7. State registration of a limited liability company is carried out by the Ministry of Justice of the Republic of Uzbekistan. Upon review of a limited liability company's application for registration, which includes original copies of the Foundation Documents, the Ministry of Justice issues a Certificate of State Registration and certifies the company's Foundation Documents by seal of the Ministry. Following State registration, the registered company becomes a legal entity.

8. Under the LLC Law, any changes and amendments to the Foundation Documents, including a change in an entity's constituent members, are also subject to State registration. Amendments become valid and enforceable at the time of State registration, and replace any prior version of the Foundation Documents. Following State registration of the amendments, any prior version of the Foundation Documents becomes null and void under Uzbek law.

9. I have reviewed Letter No. 21 of the Ministry of Justice of the Republic of Uzbekistan, Department of Justice of the Tashkent Region ("Ministry of Justice"), dated 21 February 2003, and the accompanying Certificate of State Registration No. 13 (attached hereto as **Exhibit B**). These are official Uzbek company registration documents issued by the Ministry of Justice. These documents demonstrate that Muzimpex was registered with the State on 28 February 2003, as an Uzbek-American joint venture in the form of limited liability company under Certificate of State Registration No. 13.

10. I have reviewed the Charter of Muzimpex dated 21 February 2003 (attached hereto as **Exhibit C**). The Charter of Muzimpex is duly registered by the Ministry of Justice as reflected by the Ministry of Justice stamp on the front page of the charter and the registration date and number.

11. I have reviewed the New Edition of the Charter of Muzimpex dated 11 October 2005 (attached hereto as **Exhibit D**). The charter of Muzimpex is duly registered by the Ministry of Justice as reflected by the Ministry of Justice stamp on the front page of the charter and the registration date and number.

12. I have reviewed Certificate of State Registration No. 13, dated 9 November 2005 (attached hereto as **Exhibit E**). This is an official Uzbek company registration document issued by the Ministry of Justice. This document demonstrates that Muzimpex was re-registered with

the State on 9 November 2005, as an Uzbek-Swiss joint venture in the form of limited liability company under Certificate of State Registration No. 13.

## II. VALIDITY, FORCE AND EFFECT OF THE FEBRUARY 5, 2002 DECISION OF THE SUPREME ECONOMIC COURT OF THE REPUBLIC OF UZBEKISTAN

13. Under the Constitution of the Republic of Uzbekistan, the Supreme Economic Court is the highest court in Uzbekistan authorized to hear commercial disputes. The Supreme Economic Court is a court of last resort, and deals exclusively with commercial cases involving foreign and local legal entities and individuals. Decisions of the Supreme Economic Court are legally valid, binding and enforceable in Uzbekistan.

14. I have reviewed the Supreme Economic Court's decision of 5 February 2002 in Case No. 2494/01-t (attached hereto as **Exhibit F**), which was initiated by the State Committee for Demonopolization and Development of Competition for violations of the Uzbek Law "On Competition and Limitation of Monopolist Activity on Commodity Markets." In this decision, the Supreme Economic Court upheld the ruling of the Economic Court of Tashkent dated 4 December 2001 to invalidate a series of capital contribution and share purchase transactions by ROZ Trading Ltd. ("ROZ") and ROZ Trading Ltd. (Uzbekistan) ("ROZ (Uzbekistan)") (together, "ROZ Trading"), thereby reducing ROZ Trading's participatory interest in CCBU.

15. The 5 February 2002 decision of the Supreme Economic Court is final, legally binding, valid and enforceable under Uzbek law.

## III. VALIDITY, FORCE AND EFFECT OF THE SEPTEMBER 11, 2002 DECISION OF THE SUPREME ECONOMIC COURT OF THE REPUBLIC OF UZBEKISTAN

16. I have reviewed the 11 September 2002 decision of the Supreme Economic Court in Case No. 10-0207/1409 (attached hereto as **Exhibit G**). In this decision, the Court upheld the ruling of the Economic Court of Tashkent dated 3 June 2002 to remove the participatory interest of ROZ in CCBU to pay ROZ (Uzbekistan)'s debt to the State budget. The Supreme Economic Court acknowledged that ROZ (Uzbekistan) had been liquidated for, *inter alia*, failing to pay its charter capital in violation of Uzbek law. In addition, the Court cited a 29 April 2002 Economic Court bankruptcy ruling that ROZ (Uzbekistan) was over 13.225 billion soum in debt to the State. Finally, the Supreme Court determined that ROZ (Uzbekistan)'s debt to the State was the result of unlawful actions of ROZ management and, accordingly, that ROZ's shares in CCBU could be removed under Uzbek law to pay ROZ (Uzbekistan)'s debt to the State.

17. The 11 September 2002 decision of the Supreme Economic Court is final, legally binding, valid and enforceable under Uzbek law.

## IV. VALIDITY, FORCE AND EFFECT OF DECREE NO. 420-ф OF THE CABINET OF MINISTERS OF THE REPUBLIC OF UZBEKISTAN

18. Under Article 98 of the Constitution of the Republic of Uzbekistan, resolutions and decrees of the Cabinet of Ministers have binding legal effect and are enforceable throughout Uzbekistan. As such, resolutions and decrees of the Cabinet of Ministers are binding on all State authorities, enterprises, organizations, State officials and private individuals.

19. I have reviewed Decree No. 420-ф of the Cabinet of Ministers dated 5 July 2002 (attached hereto as **Exhibit H**). Pursuant to this Decree, ROZ's participatory interest in CCBU, which had been removed by the courts to pay ROZ (Uzbekistan)'s debts to the State budget, was formally transferred to the State, through the State-owned entity Uzpishcheprom.

20. Decree No. 420-ф of the Cabinet of Ministers is a valid, binding and enforceable decree of the Cabinet of Ministers under Uzbek law. By virtue of Decree No. 420-ф, title to the CCBU shares formerly held by ROZ passed to the State, along with all the rights attendant to ownership. In addition, since the CCBU shares were transferred from ROZ to the State by virtue of the enforcement of the final and binding judicial decisions discussed above, transfer of title to the CCBU shares formerly held by ROZ to the State was free and clear of any claims by ROZ or any other third party.

## V.   UZBEKISTAN'S STATE DENATIONALIZATION AND PRIVATIZATION LAWS AND PROCEDURES

21. The primary law governing matters related to the privatization of State property in Uzbekistan is the Law "On Denationalization and Privatization," No. 425-II dated 19 November 1991. This law defines the legal concept of privatization in Uzbekistan as the acquisition by citizens and private legal entities of State-owned facilities or shares in State-owned joint-stock companies.

22. The State Committee of the Republic of Uzbekistan on Management of State Property ("State Property Committee") is the principal Uzbek government body responsible for the privatization of State property. The State Property Committee derives its authority from the Constitution and the laws of Uzbekistan, decrees and orders of the President of Uzbekistan, and decrees and resolutions of the Cabinet of Ministers. In this respect, it remains accountable to the Cabinet of Ministers.

23. The State Property Committee's mission is to promote economic growth, foreign investment and competition, particularly in the production and services industries. Its functions include selling State property and State-owned shares of enterprises, establishing starting prices for the sale of State-owned property, and acting on behalf of the State in the capacity of shareholder or constituent member of enterprises in which the State holds shares. Decisions issued by the State Property Committee are binding upon ministries, departments, concerns, associations, organizations (conglomerations), institutions, and local government authorities.

24. I have reviewed State Property Committee Order No. 120k-по, dated 13 September 2004 "Concerning the sale of 57,118 percent of State owned participatory interest in the Charter capital of [CCBU]" (attached hereto as **Exhibit I**). This Order is the official form of order issued by the State Property Committee, and was issued by virtue of the powers and authorities granted to the State Property Committee under Uzbek law. Pursuant to Order No. 120k-по, the State Property Committee approved the sale of the State-owned participatory interest in CCBU to Muzimpex and outlined the terms of the sale.

4

25.     State Property Committee Order No. 120k-no is legally valid, binding and enforceable under Uzbek law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Tashkent, Uzbekistan, this 6th day of November, 2006.

Mr. Azamat R. Fayzullaev