**Unofficial Translation**                                                                 Fayzullaev Decl., Ex. F

SUPREME ECONOMIC COURT
OF THE REPUBLIC OF UZBEKISTAN
*700097, Tashkent City, 6 Chuponata st.*
tel: 77-82-61

## DECREE

February 5, 2002              Tashkent              Case No. 2494/01-t

The judicial college of the Supreme Economic Court of the Republic of Uzbekistan, composed of: chairman Ubaidulloev K.I., judges Zakirova L.G. and Anortaev E., with participation of the representatives of the parties: for plaintiff - a head of department Dubrovskaya V.K. and lawyer Sultanov J.N.; for defendants: Ministry of Justice RU - leading counsel Farikov F.G.; State Property Committee - head of the legal department Gunin V.I. and head of inspectorate Imomaliev A.M.; JV "Coca-Cola Ichimligi Uzbekistan Ltd" - attorneys Tretyakova S.E. and Cherkashina T.E.; Company "Coca-Cola Export Corporation" - representative Askarov D.A., reviewed in judicial sitting cassational complaints of Company "Coca-Cola Export Corporation" (USA) and JV "Coca-Cola Ichimligi Uzbekistan Ltd" based on the decision of October 17, 2001 and decree of the appeal instance of the Economic Court of Tashkent city of December 4, 2001 on case NO. 2494/01-t, on petition of The State Committee for Demonopolization and Development of Competition of the Republic of Uzbekistan to the Ministry of Justice of the Republic of Uzbekistan, State Property Committee of the Republic of Uzbekistan and JV "Coca-Cola Ichimligi Uzbekistan Ltd" on acknowledgment of the acts of the State agencies as invalid,

**has determined:**

The Antimonopoly Agency addressed the Economic Court of Tashkent City with the petition to the State Property Committee of the Republic of Uzbekistan (hereafter "GKI RU"), Ministry of Justice of the Republic of Uzbekistan (hereafter "Minuyst RU") and JV "Coca-Cola Ichimligi Uzbekistan Ltd" on acknowledgment of orders of GKI RU No 242k-PR of 12.31.1997, No. 49 k-PR of 04.24.1998 and No. 78 k-PR of 04.17.2001, as invalid, and also, acknowledgment as invalid of protocols of Minuyst RU No. 318 of 03.17.1998 and No.638 of 04.19.2001 in part, concerning amendments in bylaws of the JV "Coca-Cola Ichimligi Uzbekistan Ltd."

The court's decision of 10.17.2001 (judge Tadjiev I.I.) satisfied petitioner's claims in full. Court also issued a private determination addressed to GKI RU, which entrust the State

Property Committee, in accordance with the accepted decision, to audit the shares of the cofounders in Charter fund of the JV.

The decree of the appeal instance of 12.04.2001 (chairman Umarov A.K., judges Boimakov B.M. and Danilova I.E.) reversed the decision. Decision of the court, in part of acknowledgment as invalid of the Orders of the GKI RU and Protocols of the Minuyst RU in parts addressing the changes in shares (in per cent correlation) of the "Coca-Cola Export Corporation" in Charter fund of the JV "Coca-Cola Ichimligi Toshkent Ltd" was annulled. All other parts of the decision were left without changes.

Disagreeing with the decision and the decree of the appeal instance, "Coca-Cola Export Corporation" (USA) and the JV "Coca-Cola Ichimligi Toshkent Ltd" addressed to Supreme Economic Court the cassational complaints, in which the JV "Coca-Cola Ichimligi Toshkent Ltd" asks to reverse all existing judicial acts issued in this case and to fully dismiss plaintiff's petition, and "Coca-Cola Export Corporation" (USA) asks to make the resolutative part of the decree of the appeal instance more specific, especially by providing what parts of the Orders of the GKI RU and the Protocols of the Minuyst RU were acknowledged as invalid by the decree of the appeal instance. After listening to the judge Zakirova L.G's report, and explanations of the representatives of the parties, study of the materials of the case, discussion of the claims of the cassational complaints, the judicial college finds the complaints unsupported, and does not find the basis to reverse the issued judicial acts.

As can be seen from the materials of the case, on August 25, 1993, the GKI RU issued the Order No. 545k-PR on establishments, on the basis of Tashkent soft drink plant together with the companies "Coca-Cola Export Corporation" and "Roz Trading Ltd" (Cayman Islands, UK), of a joint venture on manufacturing, bottling and wholesale of soft drinks in form of a limited liability company. In accordance with this Order, Tashkent soft drink plant, "Coca-Cola Export Corporation" (USA) and "Roz Trading Ltd" (Cayman Islands, UK) signed an Agreement on incorporation of JV "Coca-Cola Ichimligi Toshkent Ltd" and approved a charter according to which the chartered fund agreed to be equal to 5,307,000.00 USD, and allocated among the participants in equal shares (i.e. 33.33% per each). The bylaws of the established JV were registered by the Ministry of Finance of RU in October 8, 1993.

Based on the inquiries made by "Roz Trading Ltd" of 07.30.1997 and Association "Pisheprom" of 09.04.1997 No.6/10-182, and also minutes of the meetings of cofounders of the JV of 04.06.1995; 01.30.1996 and 12.23.1996, the GKI RU on 12.31.1997 issued the Order No. 242 k-PR, where the GKI RU gave its consent to the increase of the charter fund of JV to 14,807,000.00 USD, and it was noted that the shares of the cofounders of the JV "Coca-Cola Ichimligi Toshkent Ltd" in its charter fund were re-allocated as follows:

- Association "Pisheprom"            - 1,947%
- "Coca-Cola Export Corporation"     - 32,998%
- "Roz Trading Ltd"                  - 55,055%

It was instructed pursuant to p. 3 of this Order to sell a part of state share in the JV charter fund equal to 9,947% to a subsidiary of "Roz Trading Ltd," a foreign enterprise "Roz Trading Ltd" Uzbekistan, registered in the Republic of Uzbekistan, and pursuant to p.6 of the same Order it was established, that following the above mentioned sale the allocation of the shares in the charter fund would be as follows:

- Association "Pisheprom"            - 2%
- "Coca-Cola Export Corporation"     - 32,998%
- "Roz Trading Ltd"                  - 65,002%

Therefore, according to the Order No.242k-PR, the share of the foreign company "Roz Trading Ltd" Uzbekistan (in the amount of 9,947%) was included in the share of "Roz Trading Ltd" and consists of 65,002%.

In pursuance of the above Order the JV participants held a general meeting on March 9, 1998, thereby they resolved to amend the JV bylaws. At the same meeting it was decided to increase the charter fund of JV to 14,807,000.00 USD with the following allocation of the shares:

- Association "Pisheprom"            - 2% (or 296,140.00 USD)
- "Coca-Cola Export Corporation"     - 32,998% (or 4,886,014.00 USD)
- "Roz Trading Ltd"                  - 65,002%(or 9,624,846.00 USD)

During the same meeting, Tashkent soft drinks plant was re-named to Association "Pisheprom."

The above said amendments to the JV's bylaws were registered by the Ministry of Justice of the Republic of Uzbekistan on March 17, 1998 (protocol No.318).

The State Property Committee was informed and issued Order No.49k-PR of 04.24.1998 based on the sale and purchase agreement signed by Association "Pisheprom", State Property Committee and a foreign enterprise "Roz Trading Ltd" on acquisition of 9,947% of the state share in the charter fund of JV "Coca-Cola Ichimligi Toshkent Ltd" and Association "Pisheprom", together with the cofounders of the JV recommended to make as appropriate changes to the JV bylaws.

Later, in accordance with the decision of a general meeting of the cofounders of the JV "Coca-Cola Ichimligi Toshkent Ltd" of March 27, 2001, a part of the share of "Roz Trading Ltd" in chartered fund of JV, in the amount of 9,884% was sold to "Coca-Cola Export Corporation," and also EP (foreign enterprise) "ROZ Trading Ltd" (Uzbekistan) was admitted with a share, purchased from Association "Pisheprom" and equal to 9,947%, in the JV's charter fund.

Based on the given resolution of the cofounders of April 17, 2001, the State Property Committee of the Republic of Uzbekistan issued Order No. 78k-PR "On amendments to the orders of the GKI of 12.31.1997 No.242 k-PR and of 04.24.1998 No.49 k-PR," which acknowledged that the chartered fund of the JV "Coca-Cola Ichimligi Toshkent Ltd" was allocated as follows:

- Association "Pisheprom"            - 2% (or 296,140.00 USD)
- "Coca-Cola Export Corporation"     - 42,882% (or 6,349,538.00 USD)
- "ROZ Trading Ltd"                  - 45,171% (or 6,688,470.00 USD)
- EP "ROZ Trading Ltd"               - 9,947% (or 1,472,852.00 USD)

The above said amendments to the bylaws of the JV were registered by the Ministry of Justice RU on April 19, 2001 (protocol No.638).

Believing that the above said acts of the State Property Committee and the Ministry of Justice of the Republic of Uzbekistan on alteration of the shares in the JV "Coca-Cola Ichimligi Toshkent Ltd" charter fund were issued without consent of the Anti-monopolistic Agency and in violation of Article 15 of the Law of the Republic of Uzbekistan "On Competition and Restriction of Monopolistic Activity in the Commodities Markets," the Anti-Monopoly Agency petitioned the court demanding the invalidation of the above acts.

Article 15 of the Law of the RU "On Competition and Restriction of Monopolistic Activity in the Commodity Markets" provides that with the preliminary consent of the State Antimonopoly Agency, and on the basis of the petition of the managing subject:

- a person or a group of persons shall purchase stocks, shares with voting rights in the authorized capital of the managing subject, which gave such a person or a group of persons the option to dispose of more than 35% of the specified stocks, shares;

- acquisition by a person or group of persons of any rights, including those arising out of agreements, contracts, or by virtue of any commission and by any other way, allowing a legal entity to determine terms of conduction its business activity or to

perform executive functions.

Although "Coca-Cola Export Corporation" and "ROZ Trading Ltd" shares in the JV "Coca-Cola Ichimligi Toshkent Ltd" made up to more than 35%, the State Property Committee of the Republic of Uzbekistan has issued the Orders No.242k-PR of 12.31.1997; No.49k-PR of 04.24.1998 and No.78k-PR of 04.17.2001, and the Ministry of Justice of the Republic of Uzbekistan registered the amendments to the bylaws of the JV "Coca-Cola Ichimligi Toshkent Ltd" without taking into consideration the above mentioned requirements, and the Anti-Monopoly Agency' consent was not obtained.

In accordance with Article 3 of the Law of RU "On Competition and Restriction of Monopolistic Activity in the Commodity Markets" a group of persons is deemed to be that of persons to whom one or several conditions are applicable:

> - a person or several persons together by virtue of an agreement or concerted actions amongst them have the right to directly or indirectly dispose of, including an the basis of sale and purchase agreements, agreements on trusteeship, join activity, commission, lease and other transaction, either controlling block of shares or any other voting shares sufficient for having casting vote;
>
> - an agreement is concluded between two and more persons, whereby either party is entitled to determine conditions for running business of one or several parties to such an agreement or to function as their executive body;
> - a person has the right to appoint more than 50% of the Board or Supervisory body of two and more legal entities. For the purposes of this Law a group of persons is considered a single (unified) subject of entrepreneurial activity.

According to the Charter of a Foreign Enterprise "ROZ Trading Ltd," as registered by the Ministry of Justice of RU on September 14, 1999 (protocol No. 472) its founders are: "ROZ Trading Ltd" (Cayman Islands) and "ROZ Securities LLK" (Cayman Islands). "ROZ Trading Ltd" share in the Charter fund of EP "ROZ Trading Ltd" consist of 99,99%. Accordingly, "ROZ Trading Ltd" and EP "ROZ Trading Ltd" who are founders of the JV "Coca-Cola Ichimligi Toshkent Ltd," are deemed to be a group of persons. This fact was not however taken into account when the State Property Committee issued its Orders and the Ministry of Justice registered the amendments to the bylaws of the JV " Coca-Cola Ichimligi Toshkent Ltd."

In accordance with Article 12 of the Civil Code of the Republic of Uzbekistan (hereinafter "GK RU") as act of a state body which does not comply with the legislation and violates the

civil rights and interests of a citizens and legal entity which are subject to protection, may be held to be invalid.

Since the Orders of the State Property Committee No. 242k-PR of 12.31.1997; No. 49k-PR of 04.24.1998 and No. 78k-PR of 04.17.2001, as well as protocols of the Ministry of Justice of RU related to the registration of the amendments to the bylaws of JV "Coca-Cola Ichimligi Toshkent Ltd" are not in conformity with the law, they are subject to invalidation.

Taking into consideration all the above stated facts, court of the first instance adopted a decision to satisfy in full all of the stated claims. Also, the court issued a private determination which entrust the State Property Committee of RU to audit the shares of the cofounders in the charter fund of the JV and to bring them in conformity to the factual circumstances.

But the court of first instance when it issued its decision did not consider that "Coca-Cola Export Corporation" obtained the consent of the Antimonopolistic Agency for the purchase of a share of "Roz Trading Ltd." in the charter fund of the JV in the amount of 9,884% and subsequently to increase the share of the "Coca-Cola Export Corporation" to 42,882%. That is why the court of the appeal instance lawfully changed the decision of the Economic Court of October 17, 2001. The decision of the court in part where it acknowledges as invalid orders of the GKI RU and protocols of Minuyst RU on issues addressing changes of the amount of shares (in percentage distribution) of the "Coca-Cola Export Corporation" in the charter fund of "Coca-Cola Ichimligi Toshkent Ltd" is reversed. The remainder of the decision was left without changes.

To the claims of the "Coca-Cola Export Corporation" to restore the state registration of the general amount of the charter fund of the JV in the amount of 14,807,000 USD, it should be noted that on this question, the court of the first instance has issued a private determination entrusting the State Property Committee of the RU to audit the charter fund of the JV, therefore, this question will be decided by GKI of the RU together with the co-founders, in the established by law order, during the execution of the private determination of the court of October 17, 2001.

Arguments of "Coca-Cola Ichimligi Toshkent Ltd" about the worsening of the condition of investing can not be taken into consideration because petitioning the Antimonopolistic Agency for consent can not be a circumstance that will worsen the condition of investing.

The protocols of the Ministry of Justice on the registration of the bylaws and making amendments to it creates specific rights and obligations for the registered enterprise, its co-founders and third parties (tax agencies, state statistical bureau etc.), that is also why the

decision of the regional Khokim on registration of the entity is an act of the state agency. Therefore, the arguments of the JV that the protocols of the Ministry of Justice should not be considered as an act of a state agency can not be taken into consideration by the court.

Arguments about expiration of the statute of limitations are unsupported because according to Article 154 GK RU the statute of limitations begins to run from the day the person discovered or should have discovered the violation of his rights.

Therefore, cassation complaints of the JV "Coca-Cola Ichimligi Toshkent Ltd" and "Coca-Cola Export Corporation" are denied, the decision of the appeal instance of the Economic Court of Tashkent City of December 4, 2001 stands without change. Judicial expenses should be forwarded to the petitioners of the complaints.

Based on the above stated and governed by Articles 187 and 189 of the Economic Procedure Code of the RU, judicial college

### DETERMINED:

Decree of the appeal instance of the Economic Court of Tashkent City of December 4, 2001 on case number 2494/01-t stands without changes, cassation complaints of the JV "Coca-Cola Ichimligi Toshkent Ltd" and "Coca-Cola Export Corporation" are left without satisfaction.

This decree shall be in force from the moment of its adoption and is not subject to appeal.

| | |
|---|---|
| Chairman | Ubaidulloev K. E. |
| Judges | Zakirova L.G. |
| | Anortaiv I.A. |



| УЗБЕКИСТОН РЕСПУБЛИКАСИ ОЛИЙ ХУЖАЛИК СУДИ 700097, Тошкент ш., Чупоното к.,6 т : 77-82-61 | SUPREME ECONOMICAL COURT OF THE REPUBLIC OF UZBEKISTAN 700097, Tashkent city, Choponota st.,6 tel : 77-82-61 |
|---|---|

# П О С Т А Н О В Л Е Н И Е

**05 февраля 2002г.**   г.Ташкент   **Дело № 2494/01-т**

Судебная коллегия Высшего хозяйственного суда Республики Узбекистан в составе председательствующего Убайдиллоева К.И., судей Закировой Л.Г. и Анортаева И., при участии представителей сторон: от истца – начальник управления Дубровская В.К. и юрист Султанов Ж.Н.; от ответчиков: Министерство юстиции РУ – главный консультант Фариков Ф.Г.; Госкомимущество РУ – начальник договорно-правового управления- Гугнин В.И. и начальник инспекции Имомалиев А.М.; СП "Кока-Кола ичимлиги Тошкент ЛТД" - адвокаты Третьякова С.Е. и Черкашина Т.Е.; Компания «Кока Кола Экспорт Корпорейшн» – представитель Аскаров Д.А., рассмотрев в судебном заседании кассационные жалобы Компании «Кока Кола Экспорт Корпорейшн» (США) и СП «Кока Кола ичимлиги Тошкент ЛТД» на решение от 17.10.2001г. и постановление апелляционной инстанции хозяйственного суда г.Ташкента от 04.12.2001г. по делу № 2494/01-т по заявлению Государственного комитета Республики Узбекистан по демонополизации и развитию конкуренции к Министерству юстиции Республики Узбекистан, Госкомимуществу Республики Узбекистан и СП "Кока-Кола ичимлиги Тошкент ЛТД" о признании недействительным акта государственного органа,

у с т а н о в и л а :

Государственный комитет Республики Узбекистан по демонополизации и развитию конкуренции обратился в хозяйственный суд г.Ташкента с заявлением к Госкомимуществу Республики Узбекистан (далее ГКИ РУ), Министерству юстиции Республики Узбекистан (далее Минюст РУ) и СП "Кока-Кола ичимлиги Тошкент ЛТД" о признании недействительными приказов ГКИ РУ № 242 к-ПР от 31.12.1997г., № 49 к-ПР от 24.04.1998г. и № 78 к-ПР от 17.04.2001г., а также признании недействительными протоколов Минюста РУ № 318 от 17.03.1998г. и № 638 от 19.04.2001г. в части внесения изменений в учредительные документы СП "Кока-Кола ичимлиги Тошкент ЛТД".

Решением суда от 17.10.2001г. (судья Таджиев И.И.) заявленные требования удовлетворены в полном объеме. Также судом в адрес ГКИ РУ вынесено частное определение, которым поручено Госкомимуществу

проинвентаризировать доли учредителей в Уставном фонде СП в соответствиии с принятым решением.

Постановлением апелляционной инстанции от 04.12.2001г. (председательствующий Умаров А.К., судьи Боймаков Б.М. и Данилова И.Е.) решение изменено. Решение суда в части признания недействительными Приказов ГКИ РУ и Протоколов Минюста РУ по вопросам касающихся изменений доли (в процентном отношении) Компании «Кока Кола Экспорт Корпорейшн» в Уставном фонде СП «Кока Кола ичимлиги Тошкент ЛТД» отменено. В остальной части решение оставлено без изменения.

Не согласившись с решением и постановлением апелляционной инстанции Компания «Кока Кола Экспорт Корпорейшн» (США) и СП «Кока Кола ичимлиги Тошкент ЛТД» обратились в Высший хозяйственный суд с кассационными жалобыми, где СП «Кока Кола ичимлиги Тошкент ЛТД» просит отменить состоявшиеся по делу судебные акты и полностью отказать истцу в иске, а Компания «Кока Кола Экспорт Корпорейшн» (США) просит детализировать резолютивную часть постановления апелляционной инстанции, а именно какие части Приказов ГКИ РУ и Протоколов Минюста РУ признаны постановлением апелляционной инстанции недействительными.

Судебная коллегия, заслушав доклад судьи Закировой Л.Г., выслушав пояснения представителей сторон, изучив материалы дела, обсудив доводы кассационных жалоб, считает жалобы необоснованными и не находит оснований для отмены состоявшихся судебных актов.

Как усматривается из материалов дела, 25 августа 1993г. ГКИ РУ был издан Приказ № 545 к-ПР о создании на базе Ташкентского завода прохладительных напитков совместно с Фирмами "Кока-Кола Экспорт Корпорейшн" (США) и "РОЗ Трейдинг ЛТД" (Кайманы острова, Великобритания) Совместного предприятия по производству, розливу, оптовой реализации и продаже безалкогольных напитков в форме товарищества с ограниченной ответственностью. На основании данного Приказа Ташкентским заводом прохладительных напитков, Фирмами "Кока-Кола Экспорт Корпорейшн" (США) и "РОЗ Трейдинг ЛТД" (Кайманы острова, Великобритания) было подписано Соглашение о создании СП "Кока-Кола ичимлиги Тошкент ЛТД" и утвержден Устав, согласно которого размер Уставного фонда определен в сумме 5.307.000 долларов США, распределенный между участниками СП в равных долях (т.е. по 33,33%). Учредительные документы вновь созданного СП были зарегистрированы Министерством финансов Республики Узбекистан 8 октября 1993г.

На основании обращений Фирмы "РОЗ Трейдинг ЛТД" от 30.07.97г. и Ассоциации "Пищепром" от 04.09.97г. № 6/10-182, а также протоколов собраний учредителей СП от 06.04.95г., 30.01.96г. и 23.17.96г. ГКИ РУ 31.12.1997г. был издан Приказ № 242 к-ПР, которым было выражено согласие на увеличение размера Уставного фонда СП до 14.807.000 долларов США и было принято к сведению, что доли учредителей в Уставном фонде СП "Кока-Кола ичимлиги Тошкент ЛТД" распределены следующим образом:

- Ассоциация "Пищепром"                           - 11,947%;
- Фирма "Кока-Кола Экспорт Корпорейшн"            - 32,998%;
- Фирма "РОЗ Трейдинг ЛТД"                        - 55,055%.

Пунктом 3 данного Приказа было поручено реализовать часть государственной доли в Уставном фонде СП в размере 9,947% дочернему предприятию компании «ROZ TRADING LTD» Иностранному предприятию "РОЗ Трейдинг ЛТД" Узбекистан, являющемуся юридическим лицом, зарегистрированному и действующему по законодательству Республики Узбекистан, а также пунктом 6 этого же приказа было установлено, что после реализации части государственной доли, распределение долей в Уставном фонде СП будет составлять:

- Ассоциация "Пищепром"                           - 2%;
- Фирма "Кока-Кола Экспорт Корпорейшн"            - 32,998%;
- Фирма "РОЗ Трейдинг ЛТД"                        - 65,002%.

Следовательно, согласно приказа № 242 к-ПР доля Иностранного предприятия "РОЗ Трейдинг ЛТД" Узбекистан (в размере 9,947%) включена в долю Фирмы "РОЗ Трейдинг ЛТД" и составила всего 65,002%.

В соответствии с указанным Приказом участниками СП 9 марта 1998г. было проведено общее собрание, где принято решение о внесении изменений в учредительные документы СП. На данном собрании было принято решение об увеличении размера Уставного фонда СП до 14.807.000 долларов США, который распределен следующим образом:

- Ассоциация "Пищепром"        - 2% (или 296.140 дол.США);
- Фирма "Кока-Кола
  Экспорт Корпорейшн"          - 32,998% (или 4.886.014 дол.США);
- Фирма "РОЗ Трейдинг ЛТД"     - 65,002% (или 9.624.846 дол.США).

На данном собрании Ташкентский завод прохладительных напитков был заменен на Ассоциацию "Пищепром".

Изменения в учредительные документы СП были зарегистрированы Министерством юстиции Республики Узбекистан 17 марта 1998г. (протокол № 318).

Приказом Госкомимущества Республики Узбекистан № 49к-ПР от 24.04.98г. был принят к сведению Договор купли-продажи, заключенный между Ассоциацией "Пищепром", Госкомимуществом и Иностранным

предприятием "РОЗ Трейдинг ЛТД", по выкупу государственной доли в размере 9,947% в Уставном фонде СП "Кока-Кола ичимлиги Тошкент ЛТД" и Ассоциации "Пищепром" совместно с учредителями СП рекомендовано внести соответствующие изменения в учредительные документы СП.

В последующем, решением общего собрания учредителей СП "Кока-Кола ичимлиги Тошкент ЛТД" от 27 марта 2001г. часть доли Фирмы "РОЗ Трейдинг ЛТД" в Уставном фонде СП в размере 9,884% была продана Фирме "Кока-Кола Экспорт Корпорейшн", а также в состав учредителей введено ИП "РОЗ Трейдинг ЛТД" (Узбекистан) с долей в Уставном фонде СП в размере 9,947%, которая была выкуплена у Ассоциации "Пищепром".

На основании данного протокольного решения учредителей 17 апреля 2001г. Госкомимуществом Республики Узбекистан был издан Приказ № 78 к-ПР «О внесении изменений в приказы ГКИ от 31.12.1997г. № 242 к-ПР и от 24.04.1998г. № 49 к-ПР», которым принято к сведению, что Уставной фонд СП "Кока-Кола ичимлиги Тошкент ЛТД" распределен следующим образом:

- Ассоциация "Пищепром"          — 2% (или 296.140 дол.США);
- Фирма "Кока-Кола
  Экспорт Корпорейшн"            — 42,882% (или 6.349.538 дол.США);
- Фирма "РОЗ Трейдинг ЛТД"       — 45,171% (или 6.688.470 дол.США);
- ИП "РОЗ Трейдинг ЛТД"          — 9,947% (или 1.472.852 дол.США).

Данные изменения в учредительные документы СП были зарегистрированы Минюстом РУ 19 апреля 2001г. (протокол № 638).

Считая, что указанные акты Госкомимущества и Министерства юстиции Республики Узбекистан об изменении долей в Уставном фонде СП "Кока-Кола ичимлиги Тошкент ЛТД" изданы без согласования с Госкомитетом по демонополизации и развитию конкуренции, в нарушение ст.15 Закона Республики Узбекистан "О конкуренции и ограничении монополистической деятельности на товарных рынках", антимонопольный орган обратился в суд с требованием о признании их недействительными.

Согласно статьи 15 Закона Республики Узбекистан "О конкуренции и ограничении монополистической деятельности на товарных рынках" с предварительного согласия антимонопольного органа и на основании ходатайства хозяйствующего субъекта осуществляются:
- приобретение лицом, группой лиц акций, долей с правом голоса в уставном капитале хозяйствующего субъекта, при котором такое лицо, группа лиц получает право распоряжаться более чем 35% указанных акций, долей;

-приобретение лицом, группой лиц прав, в том числе посредством соглашений, договоров, поручений, контрактов или иным способом, позволяющих определять условия ведения хозяйствующим субъектом его предпринимательской деятельности либо осуществлять функции его исполнительного органа.

При издании Госкомимуществом Республики Узбекистан Приказов № 242 к-ПР от 31.12.97г., № 49 к-ПР от 24.04.98г. и № 78 к-ПР от 17.04.2001г., а также при регистрации Министерством юстиции Республики Узбекистан изменений в учредительные документы СП "Кока-Кола ичимлиги Тошкент ЛТД" не были учтены требования вышеуказанного Закона и не затребовано согласие антимонопольного органа, т.к. доли Фирмы "Кока-Кола Экспорт Корпорейшн" и Фирмы "РОЗ Трейдинг ЛТД" в Уставном фонде СП "Кока-Кола ичимлиги Тошкент ЛТД" составили более 35%.

В соответствии со статьёй 3 Закона Республики Узбекистан "О конкуренции и ограничении монополистической деятельности на товарных рынках" группой лиц признаётся совокупность лиц, применительно к которым выполняется одно или несколько следующих условий:
- лицо или несколько лиц совместно в результате соглашения или согласованных действий имеют право прямо или косвенно распоряжаться, в том числе на основании договоров купли-продажи, доверительного управления имуществом, совместной деятельности, поручения, аренды или иных сделок, контрольным пакетом акций или таким количеством голосов, которое достаточно для оказания решающего влияния;
- между двумя или более лицами заключен договор, в силу которого получено право определять условия ведения предпринимательской деятельности одного или нескольких участников договора или иных лиц, либо осуществлять функции их исполнительного органа;
- лицо имеет право назначения более 50% состава исполнительного органа и (или) совета органа и (или) совета директоров (наблюдательного совета) двух и более юридических лиц.
Для целей настоящего Закона группа лиц рассматривается как единый хозяйствующий субъект.

Согласно Устава Иностранного предприятия "РОЗ Трейдинг ЛТД", зарегистрированного Министерством юстиции Республики Узбекистан 14 сентября 1999г. (протокол № 472), его учредителями являются Фирма "РОЗ Трейдинг ЛТД" (Каймановы острова) и Фирма "РОЗ секьюритез ЛЛК" (Каймановы острова). Доля Фирмы "РОЗ Трейдинг ЛТД" в Уставном фонде ИП "РОЗ Трейдинг ЛТД" составляет 99,99%. Соответственно, Фирма "РОЗ Трейдинг ЛТД" и ИП "РОЗ Трейдинг ЛТД",

являющиеся учредителями СП "Кока-Кола ичимлиги Тошкент ЛТД", признаются группой лиц. При издании Приказов Госкомимуществом и регистрации Министерством юстиции изменений в учредительные документы СП "Кока-Кола ичимлиги Тошкент ЛТД" данное обстоятельство не было принято во внимание.

В соответствии со статьёй 12 Гражданского кодекса Республики Узбекистан (далее ГК РУ) акт государственного органа, не соответствующий законодательству и нарушающий гражданские права и охраняемые интересы гражданина или юридического лица, может быть признан судом недействительным.

Поскольку Приказы Госкомимущества №242к-ПР от 31.12.97г., № 49 к-ПР от 24.04.98г. и № 78 к-ПР от 17.04.2001г., а также протоколы Министерства юстиции Республики Узбекистан о регистрации изменений в учредительные документы СП "Кока-Кола ичимлиги Тошкент ЛТД" не соответствуют законодательству, они подлежат признанию недействительными.

Принимая во внимание изложенное, судом первой инстанции было принято решение о полном удовлетворении заявленных требований. Кроме того, судом вынесено частное определение, которым поручено Госкомимуществу РУ проинвентаризировать доли учредителей в Уставном фонде СП и привести их в соответствие с фактическими обстоятельствами.

Однако, судом первой инстанции при вынесении решения не было учтено то, что Компанией «Кока Кола Экспорт Корпорейшн» на приобретение доли Фирмы «РОЗ Трейдинг ЛТД» в Уставном фонде СП в размере 9,884% и соответственно на увеличение доли Компании «Кока Кола Экспорт Корпорейшн» до 42,882% было получено согласие антимонопольного органа. Поэтому судом апелляционной инстанции решение хозяйственного суда от 17.10.2001г. правомерно изменено. Решение суда в части признания недействительными Приказов ГКИ РУ и Протоколов Минюста РУ по вопросам касающихся изменений доли (в процентном отношении) Компании «Кока Кола Экспорт Корпорейшн» в Уставном фонде СП «Кока Кола ичимлиги Тошкент ЛТД» отменено. В остальной части решение оставлено без изменения.

Касательно требований Компании «Кока Кола Экспорт Корпорейшн» о восстановлении государственной регистрации общего размера Уставного фонда СП на уровне 14.807.000 долларов США необходимо отменить, что по данному вопросу судом первой инстанции вынесено частное определение, которым поручено Госкомимуществу РУ проинвентаризировать Уставной фонд СП, в связи с чем, этот вопрос будет решаться ГКИ РУ совместно с учредителями в установленном

законом порядке при исполнении частного определения суда от 17.10.2001г.

Доводы СП «Кока Кола ичимлиги Тошкент ЛТД» об ухудшении условий инвестирования не могут быть приняты во внимание, т.к. обращение к антимонопольному органу за получением согласия не может являться обстоятельством, ухудшающим условия инвестирования.

Протокол Министерства юстиции о регистрации учредительных документов и внесений в них изменений порождает определенные права и обязательства для зарегистрированного предприятия, его учредителей и третьих лиц (налоговые службы, статорганы и др.), в связи с чем, также как и Решение Хокима района о регистрации предприятий, является актом государственного органа. Следовательно, доводы СП о том, что «протокол Министерства юстиции не относится к актам государственных органов», суд не может принять во внимание.

Доводы о пропуске срока исковой давности также необоснованны, т.к. согласно ст.154 ГК РУ течение срока исковой давности начинается со дня, когда лицо узнало или должно было узнать о нарушении своего права.

Таким образом, кассационные жалобы СП «Кока Кола ичимлиги Тошкент ЛТД» и Компании «Кока Кола Экспорт Корпорейшн» подлежат отклонению, постановление апелляционной инстанции хозяйственного суда г.Ташкента от 04.12.2001г. - без изменения. Судебные расходы надлежит отнести на заявителей жалоб.

На основании изложенного и руководствуясь статьями 187, 189 Хозяйственного процессуального кодекса РУ, судебная коллегия

**П О С Т А Н О В И Л А :**

Постановление апелляционной инстанции хозяйственного суда г.Ташкента от 4 декабря 2001г. по делу № 2494/01-т оставить без изменения, а кассационные жалобы СП «Кока Кола ичимлиги Тошкент ЛТД» и Компании «Кока Кола Экспорт Корпорейшн» - без удовлетворения.

Постановление вступает в силу с момента его принятия и обжалованию не подлежит.

| | |
|---|---|
| **Председательствующий** Судьи | Убайдиллоев К.И. Закирова Л.Г. Анортаев И.А. |