**Unofficial Translation**                                      Fayzullaev Decl., Ex. G

SUPREME ECONOMIC COURT
OF THE REPUBLIC OF UZBEKISTAN

700097, City of Tashkent, 6 Choponota St.
Fax: 775984

Case № 10-0207/1409
September 11, 2002

DECISION

A court panel of the Supreme Economic Court of the Republic of Uzbekistan comprising the Chairman, A.B. Dustbabayev, and members, I.K. Soliyev and E.K. Esiyazov, with the participation of U.I. Tukhtamishev, an assistant to the Attorney General of the Republic of Uzbekistan, having reviewed, in response to an appeal by Coca-Cola Export Corporation (USA), the decision of the Economic Court of the City of Tashkent, dated 06/03/2002 pertaining to case № 10-0207/1409 related to a claim of the liquidation commission of the foreign enterprise "ROZ Trading LTD" (Uzbekistan) to JV "Coca-Cola I Ichimligi Uzbekiston LTD", the "Pischeprom Association," "Coca-Cola Export Corporation," and "ROZ Trading Limited" (Cayman Islands, Great Britain) for release of the share of "ROZ Trading LTD" from the property of JV "Coca-Cola Ichimligi Uzbekiston LTD," with the involvement of the State Property Committee (Goskomimushchestvo) of the Republic of Uzbekistan in the capacity of a 3rd party not presenting independent claims in relation to the dispute,

Established the following:

Pursuant to the decision of the Economic Court of the City of Tashkent (justice I.E. Danilova) of 06/03/2002, the claim was satisfied, and the share of ROZ Trading LTD" (Cayman Islands" in the property of "Coca-Cola Ichimligi Uzbekiston LTD" JV was released in the amount of 23.416% which equals 9,877,069,709.00 soum, the levying execution on the said amount in favor of the foreign enterprise "ROZ Trading LTD."

"Coca-Cola Export Corporation" did not agree with the above decision and filed an appeal. However, the appeal was returned to the petitioner pursuant to paragraph 3 of Article 162 of the Economic Code of RU, due to the fact that the appeal did not contain enclosures of documents evidencing due payment of stamp duty in the amount due, or a bank certificate of inability to pay stamp duty as per the court definition of 07/03/2002. The newly filed appeal of "Coca-Cola Export Corporation" was returned pursuant to the court decision of 07/15/2002 due to the lapse in of the allowed period such filing.

In its appeal № 17/677-1/LD-IH of August 2, 2002, the claimant asks to void the court decisions of July 3rd and 15th of 2002, and to accept the appeal for prosecution.

The court panel considers the court decisions of July 3rd and 15th of 2002 pertaining to the return of the appeal to be appropriately made in accordance with the requirements of economic procedural law, and finds no grounds for voiding the above decisions.

Considering that the claimant simultaneously filed an appeal for the acceptance of which all the requirements were met, the court panel finds that the claimant's appeal № 17/777/ID-IH of August 2, 2002 that raises the question of voiding the court decision of June 3rd, 2002 and

of the court decision of May 10th 2002 pertaining to the acceptance of the case for prosecution, to be sufficient for the acceptance and review of the matter at hand.

Having heard the presentation of Justice E.K. Yesniyazov and the clarifications of A. Voronin and D. Askarov, representatives of "Coca-Cola Esport Corporation," and those of I.G. Avtaykina and O.K. Nasyrov, representatives of "Coca-Cola Ichimligi Uzbekiston LTD" JV, O.P. Umnova of "Pischeprom," V.I. Gugnin of Tukhtamishev, assistant Attorney General of RU who maintained that decisions did not require to be changed, this court panel finds that the court decisions under the appeal are to be left unchanged for reasons outlined below.

As is evident from the materials of the case, on May 12th, 1993, the Ministry of Finance of the Republic of Uzbekistan registered a Foreign Enterprise in the form of a limited liability partnership, "ROZ Trading LTD" (reg. No. IP-28). The above partnership's Charter Capital was $500,000.00. On September 14th, 1999 (minutes No. 472), the charter documents of the said FE we re-registered with the Ministry of Justice of the Republic of Uzbekistan. According to the charter documents, the founders of FE "ROZ Trading LTD" are "ROZ Trading LTD" (Cayman Islands), whose share amounts to $499,950.00 (99.99%), and "ROZ Securities LLK" (Cayman Islands), whose share amounts to $50.00 (0.01%).

According to letter No. Ya-Kh-5729-13 of 11/09/2001 produced by the National Band for Foreign Economic Activities of the Republic of Uzbekistan, during the period between 1993 and 1999 there was no transfer of funds to the checking account of the established enterprise in the amount of $500,000.00 as a contribution to the Charter Capital. Therefore, the founder, "ROZ trading LTD," knew ahead of time thet this would have an unfavorable impact on the operation of the enterprise, and did not perform its obligations to make a contribution to the Charter Capital of FE "ROZ Trading LTD." Acting this way, the founder, "ROZ trading LTD," committed a serious breach of applicable Republic of Uzbekistan law pertaining to the statutory creation of charter capital, i.e. Article 59 of the Civil Code of RU, paragraph 6 of Directive No. PF-1625 of the President of the Republic of Uzbekistan dated 11/30/1996 "On Additional Incentives and Benefits Offered to Enterprises with Foreign Investments," and directive No. 327 dated 07/03/1999 of the Cabinet of Ministers of the Republic of Uzbekistan. As a result of these illegal actions of its founders, FE "ROZ Trading LTD" incurred a multi-billion debt to creditors and, from August 2001, ceased its financial and economic activities.

In these circumstances, on 04/29/2002, the Economic Court of the City of Tashkent declared FE "ROZ Trading LTD" bankrupt and initiated liquidation proceedings. As inventory was taken of the foreign enterprise's property it was determined that, as of 04/29/2002, FE "ROZ Trading LTD" had a total debt to creditors in the amount of 13,318,543,175.00 soum (including 13,225,407,704.00 soum to the state treasury), and assets in the amount of 1,045,921,600.00 soum.

Considering that the assets were insufficient to cover the debt to the creditors, the trustee of the liquidation commission of FE "ROZ Trading LTD" filed a court claim to release the share of "ROZ Trading LTD" (Cayman Islands) from the property of "Coca-Cola Ichimligi Uzbekiston LTD" JV in the amount of 23.416%, and to levy execution on it in favor of the foreign enterprise.

The decision of the court of the first instance to the satisfaction of claims presented by the liquidation commission is lawful and well-grounded because FE "ROZ Trading LTD" was driven into bankruptcy due to the fact that management of the enterprise's financial and

economic activities was conducted by an executive body comprising representatives of "ROZ Trading LTD" (Cayman Islands) who in the course of managing the enterprise, permitted unlawful actions that resulted in the development of multibillion soum of creditor indebtedness, which led to the declaration of the enterprise as bankrupt.  Thus, pursuant to Article 48 of the Civil Code of RU, "ROZ Trading LTD," a founder of FE "ROZ Trading LTD," is to bear subsidiary (additional) liability for its obligations.

According to Article 48 of the Civil Code of RU, if the insolvency (bankruptcy) of a legal entity is caused by unlawful actions of a party acting as a founder (participant) of owner of the legal entity's property, entitled to give binding orders to this legal entity, such party, in the event of insufficiency of the legal entity's property, may bear subsidiary liability for its obligations.  The founder (participant) or the owner of the legal entity's property has the right to give binding orders only if such right is provided for under the legal entity's constitutional documents.

Thus the liquidation commission of FE "ROZ Trading LTD" was justified in presenting its claims to "ROZ Trading LTD," the founder of FE "ROZ Trading LTD," because, pursuant to Article 227 of the Civil Code of RU, a creditor of a partner in a joint stock or shareholder enterprise may, in the event the said partner does not own any other property, file a claim for the release of the debtor's share in the common property for the purpose of levying execution on it.

In this case, "ROZ Trading LTD" has a share in the common property of the Joint Venture for the Production, Bottling and Wholesale Distribution and Sale of Soft Drinks in the form of a limited liability partnership, "Coca-Cola Ichimligi Uzbekiston LTD."  The said joint venture was established based on the Tashkent Factory of Refreshment Beverages, jointly with "Coca-Cola Export Corporation" (USA) and "ROZ Trading LTD."  According to the presented documents, the share of "ROZ Trading LTD" in the Charter Capital of "Coca-Cola Ichimligi Uzbekiston LTD" JV amounts to 32.416%.

According to the balance sheet of "Coca-Cola Ichimligi Uzbekiston LTD" JV presented to reflect the results of financial and economic operation in 2001, the charter capital comprises 395,193 thousand soum, and as of 05/01/2002, the total value of the joint venture's property, including accounts receivable, comprises 58,415,222,000 soum (including the charter capital of 395,193 soum), and, without accounts payable, the total value of the joint venture's property comprises 42,180,858,000 soum, of which the share of "ROZ Trading LTD" (Cayman Islands) in 23.416%, i.e., 9,877,069,709 soum.

Considering that the assets of FE "ROZ Trading LTD" amount to 1,336,167,660.74 soum, which is not sufficient to cover the accounts payable of 13,318,543,175 soum, of which 13,225,407,704 soum is the debt to the state Treasury, the filed claim to release the share of "ROZ Trading LTD" from the property of "Coca-Cola Ichimligi Uzbekiston LTD" JV and leby execution on it to cover the accounts payable is well grounded.

The arguments of the claimant with respect to the petition concerning the exact amount of the claim and to the need to pay stamp duty by the plaintiff are not legitimate because applicable law does not prohibit demands for the definition of a share as a percentage as well as its cash equivalent; further, pursuant to the Decree of the President of the Republic of Uzbekistan of 07/23/1999, trustees of enterprises declared bankrupt are exempt from upfront payment of stamp duty upon filing claims in economic courts.  The arguments outlined in the appeal are unfounded and cannot serve as grounds for the repeal of the court's decision.

Under such circumstances, the decision made by the court of the first instance to satisfy the claim to release from the property of "Coca-Cola Ichimligi Uzbekiston LTD" (Cayman Islands) in the amount of 32.416%, which equals 9,877,069,709 soum, and to levy execution on said amount in favor of FE "ROZ Tradint LTD" to cover its accounts payable is lawful, and there are no grounds to void it.

Based on the above and pursuant to paragraphs 48, 59, 216, and 227 of the Civil Code of the Republic of Uzbekistan, and articles 187 and 189 of the Economic Procedural Code of the Republic of Uzbekistan, the court panel

### Decided:

To leave the decision of the Economic Court of the City of Tashkent of June 3rd, 2003 and the court determinations of July 3rd and 15th, 2002 unchanged, and the appeals filed by "Coca-Cola Export Corporation," without satisfaction.

This decision shall come into legal effect as of the moment it is made and shall not be subject to appeal.

| | | |
|---|---|---|
| Chairman | [signature] | A. B. Dustbabayev |
| Panel members | [signature] | I. K. Soliyev |
| | [signature] | E. K. Esniyazov |

| | | |
|---|---|---|
| ЎЗБЕКИСТОН РЕСПУБЛИКАСИ ОЛИЙ ХУЖАЛИК СУДИ<br><br>700097 Тошкент шахар, Чўпонота кўчаси,6<br>тел: 775984 (факс) |  | SUPREME ECONOMICAL COURT OF THE REPUBLIC OF UZBEKISTAN<br><br>700097, Tashkent city, Choponota st. 6<br>tel: 775984 (fakx) |

Дело № 10-0207/1409
2002 год 11 сентября

# ПОСТАНОВЛЕНИЕ

Судебная коллегия Высшего хозяйственного суда Республики Узбекистан в составе председательствующего А.Б.Дустбабаева, членов коллегии И.К.Солиева и Е.К.Есниязова, при участии помощника Генерального прокурора РУ У.И.Тухтамишева, проверив по кассационной жалобе компании «Кока-Кола Экспорт Корпорейшн» (США) решение хозяйственного суда города Ташкента от 03.06.2002 года по делу № 10-0207/1409 по иску ликвидационной комиссии ИП "РОЗ Трейдинг ЛТД" (Узбекистан) к СП "Кока-Кола Ичимлиги Узбекистон ЛТД", ассоциации "Пищепром", компании "Кока-Кола Экспорт Корпорэйшн" и фирме "РОЗ Трейдинг ЛТД" (Каймановы острова, Великобритания) о выделе доли фирмы "РОЗ Трейдинг ЛТД" из имущества СП "Кока-Кола Ичимлиги Узбекистон ЛТД", с привлечением Госкомимущества Республики Узбекистан к участию в деле в качестве 3-го лица не заявляющего самостоятельные требования на предмет спора.

## установила:

Решением хозяйственного суда города Ташкента (судьяДанияева Н.Г.) от 03.06.2002 года, иск удовлетворен, в имуществе СП «Кока-Кола Ичимлиги Узбекистон Лтд» выделена доля фирмы «РОЗ Трейдинг Лтд» (Каймановы острова) в размере 23,416%, что составляет в денежном выражении 9877069709 сум с обращением на неё взыскания в пользу ИП «РОЗ Трейдинг Лтд».

Не согласившись с принятым решением компания "Кока-Кола Экспорт Корпорэйшн" заявила апелляционную жалобу. Однако в связи с тем, что к жалобе не были приложены документы, подтверждающие уплату госпошлины в установленных порядке и размере и не приложена банковская справка об отсутствии возможности оплаты госпошлины судебным определением от 03.07.2002 года жалоба возвращена заявителю в соответствии с пунктом 3 статьи 162 ХПК РУ. Вновь поданная апелляционная жалоба компании "Кока-Кола Экспорт Корпорэйшн" возвращена судебным определением от 15.07.2002 года в связи с пропуском срока её подачи.

В кассационной жалобе от 2 августа 2002 года № 17/677-1/LD-IH заявитель просит отменить судебные определения от 3 и 15 июля 2002 года и принять апелляционную жалобу к производству.

Судебная коллегия считает судебные определения от 3 и 15 июля 2002 года о возврате апелляционной жалобы принятые в соответствии с требованиями хозяйственного процессуального законодательства правомерными и оснований для их отмены не имеется.

2

Учитывая, что заявителем одновременно подана кассационная жалоба для принятия которой все необходимые требования соблюдены, судебная коллегия считает, что кассационная жалоба заявителя от 2 августа 2002 года № 17/777/ LD-IH в которой ставится вопрос об отмене решения суда от 3 июня 2002 года, а также определения суда от 10 мая 2002 года о принятии дела к производству достаточной для принятия и рассмотрения по существу дела.

Судебная коллегия, заслушав доклад судьи Е.К.Есниязова, пояснения представителей компании «Кока-Кола Экспорт Корпорейшн» А.Воронина и Д.Аскарова, СП "Кока-Кола Ичимлиги Узбекистон ЛТД" – Автайкиной И.Г., Насырова О.К., ассоциации "Пищепром" – Умновой О.П., Госкомимущества Республики Узбекистан – Гугнина В.И., заключение помощника Генерального Прокурора РУ Тухтамишева У.И., полагавшего судебные акты оставить без изменения, обсудив доводы кассационных жалоб, проверив материалы дела, считает обжалуемые судебные акты подлежащими оставлению без изменения, по следующим основаниям.

Как усматривается из материалов дела, 12 мая 1993г. Министерством финансов Республики Узбекистан было зарегистрировано иностранное предприятие в форме общества с ограниченной ответственностью "РОЗ Трейдинг ЛТД" (рег. № ИП-28), с Уставным фондом в размере 500.000 долларов США. 14 сентября 1999г. (протокол № 472) учредительные документы ИП были перерегистрированы Министерством юстиции Республики Узбекистан. Согласно учредительным документам учредителями ИП "РОЗ Трейдинг ЛТД" являются фирма "РОЗ Трейдинг ЛТД" (Каймановы острова) доля которой составляет 499950 дол.США – 99,99% и фирма "РОЗ Секьюритез ЛЛК" (Каймановы острова) с долей 50 дол.США – 0,01%.

Согласно письму Национального банка внешнеэкономической деятельности Республики Узбекистан от 09.11.2001г. № ЯХ-5729-13, в период с 1993г. по 1999г. денежные средства в размере 500 000 дол. США в качестве вклада в Уставной фонд на расчетный счет учрежденного предприятия не поступали. Следовательно, учредитель - фирма "РОЗ Трейдинг ЛТД" заведомо зная, что это влечет неблагоприятные последствия для деятельности предприятия, свои обязательства по внесению вклада в Уставной фонд ИП "РОЗ Трейдинг ЛТД" не выполнила. Тем самым, учредитель - фирма "РОЗ Трейдинг ЛТД" совершила грубое нарушение требований действующего законодательства Республики Узбекистан об обязательном сформировании уставного фонда, а именно статьи 59 ГК РУ, пункта 6 Указа Президента Республики Узбекистан от 30.11.1996г. № ПФ-1652 "О дополнительных стимулах и льготах, предоставляемых предприятиям с иностранными инвестициями", а также постановления Кабинета Министров Республики Узбекистан от 03.07.1999г. № 327. В результате подобных неправомерных действий учредителей у ИП "РОЗ Трейдинг ЛТД" образовалась многомиллиардная кредиторская задолженность и с августа 2001г. прекратилось осуществление финансово-хозяйственной деятельности.

При таких обстоятельствах, решением хозяйственного суда г.Ташкента от 29.04.2002г. ИП "РОЗ Трейдинг ЛТД" было признано банкротом и открыто ликвидационное производство. При проведении инвентаризации имущества ИП выявлено, что по состоянию на 29.04.2002г. ИП "РОЗ Трейдинг ЛТД" имеет общую кредиторскую задолженность в размере 13 318 543 175 сум (в том числе задолженность перед бюджетом - 13 225 407 704 сум) и имущество на сумму 1 045 921 600 сум.

3

Учитывая недостаточность имущества для погашения кредиторской задолженности, доверенное лицо ликвидационной комиссии ИП "РОЗ Трейдинг ЛТД" обратилось в суд с иском о выделении доли фирмы "РОЗ Трейдинг ЛТД" (Каймановы острова) из имущества СП "Кока-Кола Ичимлиги Узбекистон ЛТД" в размере 23,416% и обращении на нее взыскания в пользу ИП.

Решение суда первой инстанции об удовлетворении заявленных исковых требований ликвидационной комиссии является законным и обоснованным, поскольку ИП "РОЗ Трейдинг ЛТД" было доведено до банкротства вследствие того, что управление финансово-хозяйственной деятельностью предприятия осуществлялось исполнительным органом, сформированным из представителей фирмы «РОЗ Трейдинг ЛТД» (Каймановы острова), которые в ходе управления предприятием допустили неправомерные действия, в результате которых образовалась многомиллиардная кредиторская сумма, что повлекло за собой признание предприятия банкротом. Следовательно, фирма «РОЗ Трейдинг ЛТД» являющаяся учредителем ИП «РОЗ Трейдинг ЛТД», в соответствии со ст.48 ГК РУ обязана нести субсидиарную (дополнительную) ответственность по его обязательствам.

Согласно ст.48 ГК РУ, если несостоятельность (банкротство) юридического лица вызвана неправомерными действиями лица, выступающего в качестве учредителя (участника) или собственника имущества юридического лица, который имеет право давать обязательные для этого юридического лица указания, то на такое лицо, в случае недостаточности имущества юридического лица, может быть возложена субсидиарная ответственность по его обязательствам. Учредитель (участник) или собственник имущества юридического лица имеет право давать обязательные указания только в случае, когда это право предусмотрено в учредительных документах этого юридического лица.

Таким образом, ликвидационная комиссия ИП «РОЗ Трейдинг ЛТД» обоснованно заявила требования к фирме «РОЗ Трейдинг ЛТД» как учредителю ИП «РОЗ Трейдинг ЛТД», поскольку в соответствии со ст.227 ГК РУ кредитор участника долевой или совместной собственности при недостаточности у собственника другого имущества вправе предъявить требование о выделе доли должника в общем имуществе для обращения на нее взыскания.

В данном случае, фирма «РОЗ Трейдинг ЛТД» имеет долю в общем имуществе Совместного предприятия по производству, разливу, оптовой реализации и продаже безалкогольных напитков в форме товарищества с ограниченной ответственностью "Кока-Кола Ичимлиги Узбекистон ЛТД". Указанное СП было создано на базе Ташкентского завода прохладительных напитков, совместно с корпорацией "Кока-Кола Экспорт Корпорейшн" (США) и фирмой "РОЗ Трейдинг Лтд." Согласно представленным документам доля фирмы "РОЗ Трейдинг ЛТД" в Уставном фонде СП «Кока-Кола Ичимлиги Узбекистон ЛТД» составляет 23,416 %.

Согласно бухгалтерскому балансу СП "Кока-Кола Ичимлиги Узбекистон ЛТД" представленному по итогам финансово-хозяйственной деятельности за 2001 год размер уставного капитала составляет 395193 тыс.сум, а по состоянию на 01.05.2002г. общая стоимость имущества СП с учетом дебиторской задолженности составляют 58 415 222 000 сум (в том числе уставной капитал 395193 тыс.сум), а за вычетом кредиторской задолженности общая сумма имущества СП составляет - 42 180 858 000 сум, из них доля фирмы «РОЗ

Трейдинг ЛТД» (Каймановы острова) в размере 23,416% составляет 9 877 069 709 сум.

Учитывая, что активы ИП «РОЗ Трейдинг ЛТД» составляют 1 336 167 660-74 сум, что недостаточно для погашения имеющейся кредиторской задолженности в сумме 13 318 543 175 сум, из которых 13 225 407 704 сум задолженность перед бюджетом, заявленное исковое требование о выделе доли фирмы "РОЗ Трейдинг ЛТД" из имущества СП "Кока-Кола Ичимлиги Узбекистон ЛТД" и обращении на неё взыскания для погашения задолженности перед кредиторами является обоснованным.

Доводы заявителя относительно ходатайства о конкретизации суммы иска и необходимости уплаты истцом государственной пошлины являются неправомерными, поскольку действующее законодательство не запрещает требовать определение доли как в процентном отношении, так и сумовом эквиваленте, а в соответствии с Указом Президента Республики Узбекистан от 23.07.99г. доверенные лица предприятий, признанных банкротами, при обращении в хозяйственные суды с иском освобождаются от предварительной оплаты государственной пошлины. Доводы изложенные в кассационной жалобе являются необоснованными и не могут служить основанием для отмены решения.

При таких обстоятельствах, принятое судом первой инстанции решение об удовлетворении исковых требований о выделении в имуществе СП «Кока-Кола Ичимлиги Узбекистон Лтд» (в том числе в уставном капитале) доли фирмы «РОЗ Трейдинг Лтд» (Каймановы острова) в размере 23,416%, что составляет в денежном выражении 9877069709 сум с обращением на неё взыскания в пользу ИП «РОЗ Трейдинг Лтд» для погашения задолженности перед кредиторами является правомерным и оснований для его отмены не имеется.

На основании вышеизложенного и руководствуясь ст.ст.48, 59, 216, 227 Гражданского кодекса Республики Узбекистан, статьями 187, 189 Хозяйственного процессуального кодекса Республики Узбекистан, судебная коллегия

постановила:

решение хозяйственного суда города Ташкента от 3 июня 2002 года, определения от 3 и 15 июля 2002 года оставить без изменения, кассационные жалобы компании "Кока-Кола Экспорт Корпорэйшн" - без удовлетворения.

Постановление вступает в законную силу с момента его принятия и обжалованию не подлежит.

| Председательствующий | А.Б.Дустбабаев |
|---|---|
| Члены коллегии | И.К.Солнев |
| | Е.К.Есниязов |