UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROZ TRADING LTD, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZEROMAX GROUP, INC. *et al.*,<br><br>    Defendants. | Civil Action No. 06–1040 (CKK) |

**ORDER**
(September 24, 2007)

The Court has begun reviewing the parties' filings in connection with Defendants' Motion to Dismiss the Amended Complaint in its Entirety. The Court notes that subject matter jurisdiction is a "threshold" matter, of which the Court must assure itself before turning to the merits of a case. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). In addition, if a party's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof," *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Moreover, at all times, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

The Amended Complaint in this action generally alleges that subject matter jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse in citizenship and more than $75,000 is at stake. Am. Compl. ¶ 8. In addition, the Amended Complaint alleges that ROZ Trading Ltd. is a limited liability company organized under the laws of the Cayman Islands, British West Indies, with its principal place of business in Morristown, New Jersey. *Id.* ¶ 1.

Plaintiffs' Opposition specifies that Plaintiffs seek to invoke diversity jurisdiction under 28 U.S.C. § 1332(a)(3), based on ROZ Trading Ltd.'s alleged principal place of business in New Jersey. Pl.'s Opp'n at 8. However, in their Reply Memorandum, Defendants assert that "a search of the business records of the New Jersey Secretary of State strongly suggests that, at the time the original Complaint was filed on June 6, 2006, ROZ [Trading Ltd.] was neither conducting business or authorized to conduct business in New Jersey." Def.'s Reply at 2. Defendants support this assertion with, *inter alia*, a "No Records Certificate" from the New Jersey Department of the Treasury indicating that no entity by the name "Roz Trading" appeared in that office's records. *See* 2/7/07 Decl. of Nicole E. Erb, Ex. A. The Court notes that, under the New Jersey LLC Act, "[b]efore doing business in [New Jersey], a foreign limited liability company shall register with the Secretary of State." N.J. Stat. Ann. § 42:2B-53.

Defendants' Reply clearly challenges in an "appropriate manner" Plaintiffs' allegation that ROZ Trading Ltd. had its principal place of business in New Jersey at the time of the filing of the initial Complaint in this action. Plaintiffs are therefore required to proffer "competent proof" in support of their jurisdictional allegations. *McNutt*, 298 U.S. at 189. Accordingly, it is this 24th day of September, 2007, hereby

**ORDERED** that, on or before 5:00 p.m. on Wednesday, September 26, 2007, Plaintiffs shall provide the Court with factual evidence in support of their allegation that, as of the filing of the initial Complaint in this matter, Plaintiff ROZ Trading Ltd. (the entity Plaintiffs allege held

an ownership interest in Coca-Cola Bottlers of Uzbekistan Ltd.) had its principal place of business in New Jersey.

**SO ORDERED**.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge