UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROZ TRADING LTD, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ZEROMAX GROUP, INC. *et al.*,<br><br>　　Defendants. | Civil Action No. 06–1040 (CKK) |

**ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, it is this 28th day of September, 2007, hereby

**ORDERED** that [15] Defendants' Consolidated Motion to Dismiss the Amended Complaint in its Entirety is GRANTED-IN-PART and DENIED-IN-PART. Specifically, the Court GRANTS Defendants' Motion to Dismiss insofar as it argues that the Court lacks personal jurisdiction over Defendant Zeromax GmbH, and shall therefore dismiss Zeromax GmbH from this action, as well as all claims against Zeromax GmbH. In addition, because the Court's dismissal of Zeromax GmbH moots Defendants' argument that the Court lacks subject matter jurisdiction over this action, the Court DENIES that aspect of Defendants' Motion to Dismiss; it is further

**ORDERED** that the remainder of Defendants' Motion to Dismiss is HELD IN ABEYANCE pending the Court's receipt of the Status Reports described below; it is further

**ORDERED** that, on or before October 15, 2007, the remaining parties to this action–Plaintiffs and the U.S. Zeromax Defendants–shall file Status Reports with the Court

indicating how they propose to proceed with this litigation.  In particular, Plaintiffs shall advise the Court as to whether they want to proceed with this litigation in light of the dismissal of Zeromax GmbH and the arbitration currently pending before the International Arbitral Centre of the Austrian Federal Economic Chamber.  In addition, both Plaintiffs and the U.S. Zeromax Defendants shall indicate to the Court whether the dismissal of Zeromax GmbH from this action alters their posture with respect to the portions of Defendants' Motion to Dismiss held in abeyance by the Court.  Specifically, the parties may (1) indicate that they want the Court to address the remaining arguments for dismissal raised in Defendants' Motion to Dismiss based on the briefs currently before the Court; (2) indicate that they want to supplement the current briefing with additional grounds for dismissal not presented therein; or (3) in the event that they intend to revise their current arguments in any way, indicate that they want to substitute revised briefing for their current briefing.  Upon receipt of the parties' Status Reports, the Court shall either proceed to address the arguments for dismissal held in abeyance or shall set a schedule for additional briefing as necessary.

      **SO ORDERED**.

                                                          */s/*
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge