**Leges Advokat**

Адвокатская фирма / Law Firm

Город Ташкент, 700003, улица Тураб Тула, 1
Turob Tula str., 1, Tashkent, 700003
Tel.:   (998 71) 132 62 24, (998 71) 132 62 21
Fax:   (998 71) 139 15 92
Web site: www.leges.uz   E-mail: info@leges.uz

## SUPPLEMENTAL DECLARATION OF MR. AZAMAT R. FAYZULLAEV

I, Azamat R. Fayzullaev, declare as follows:

1.  I have been asked to prepare this supplemental declaration of Uzbek law in connection with the case of *ROZ Trading Ltd., et al. v. Zeromax Group, Inc., et al.*, No. 06-CV-01040-CKK, in the United States District Court for the District of Columbia.

2.  My professional experience and educational background are described in more detail in Paragraph 2 of my Declaration dated 6 November 2006.

3.  I speak, read and write the English language. I am over 21 years of age and am making this declaration in English of my own free will and with a full understanding of its contents.

### I. STATE REGISTRATION REQUIREMENTS FOR UZBEK LIMITED LIABILITY COMPANIES

4.  As I stated in Paragraphs 4-8 of my 6 November Declaration, State registration of commercial entities (including limited liability companies) with foreign investment is carried out by the Ministry of Justice of the Republic of Uzbekistan ("MOJ") pursuant to the specific Regulation approved by the Resolution of the Cabinet of Ministers No. 357 dated 20 August 2003 and the Law of the Republic of Uzbekistan "On Limited and Additional Liability Companies" No. 310-II dated 6 December 2001 ("LLC Law"). Further, limited liability companies with foreign investment are required to submit the foundation agreement and charter (together, the "Foundation Documents") to the MOJ in order to establish and register the company.

5.  Uzbek law provides for two methods of introducing amendments to the Foundation Documents of a limited liability company. Under the first method, the shareholders of the company draft an Addendum to the Foundation Documents reflecting the agreed-upon amendments and register this Addendum with the MOJ. Upon registration with the MOJ, the Addendum becomes an integral part of the Foundation Documents and those provisions of the Foundation Documents that are not affected by the Addendum continue to be valid and in force.

6.  Under the second method, instead of drafting and registering an Addendum to the Foundation Documents, the shareholders of the company may choose to sign and adopt completely restated Foundation Documents. Upon registration with the MOJ, these amended and restated Foundation Documents become valid and enforceable. By operation of Articles 43 and 385 of the Uzbek Civil Code, the prior version of the Foundation Documents is rendered null and void and no one (neither the participants in the limited liability company nor any third parties) may refer to or rely on the former Foundation Documents that were since replaced by the amended and restated versions.

7. As I stated in Paragraphs 18-20 of my 6 November Declaration, Decree No. 420-ф of the Cabinet of Ministers dated 5 July 2002 is a valid, binding and enforceable decree of the Cabinet of Ministers under Article 98 of the Constitution of the Republic of Uzbekistan. The Decree formally transferred ROZ's participatory interest in CCBU to the State, through the State-owned entity Uzpishcheprom. Paragraph 3 of the Decree directs Uzpishcheprom (with TCCEC) to amend the CCBU Foundation Documents to reflect the removal of ROZ's interest.

8. I have reviewed the Amended and Restated Charter of CCBU dated 22 September 2003 (of which the cover page and signature pages reflecting the parties are attached hereto as **Exhibit A**) ("2003 CCBU Charter") and the Amended and Restated Joint Venture Agreement of CCBU dated 22 September 2003 (of which the cover page and signature pages reflecting the parties are attached hereto as **Exhibit B**) ("2003 CCBU JVA") between Uzpishcheprom and TCCEC. The 2003 CCBU Charter and JVA were duly registered on 8 October 2003 by the Ministry of Justice in compliance with Uzbek law, as reflected by the Ministry of Justice stamp and the registration date and number on their respective cover pages.

9. I have reviewed the Second Amended and Restated Charter of CCBU dated 7 December 2004 (of which the cover page and signature pages reflecting the parties are attached hereto as **Exhibit C**) ("2004 CCBU Charter") and the Second Amended and Restated Joint Venture Agreement of CCBU dated 7 December 2004 (of which the cover page and signature pages reflecting the parties are attached hereto as **Exhibit D**) ("2004 CCBU JVA"). The 2004 CCBU JVA and Charter were duly registered on 20 December 2004 by the Ministry of Justice in compliance with Uzbek law, as reflected by the Ministry of Justice stamp and the registration date and number on their respective cover pages.

10. Further to Paragraph 8 of my 6 November Declaration, because the 2003 CCBU JVA and Charter were duly registered with the Ministry of Justice, they replaced the 1993 CCBU JVA and Charter and rendered them null and void. Likewise, the 2004 CCBU Charter and JVA, which were duly registered with the MOJ, replaced the 2003 CCBU Charter and JVA and rendered them null and void.

11. Therefore, as a matter of Uzbek law, the 1993 CCBU JVA is null and void and without legal force and effect.

12. I have reviewed the letter dated 2 February 2007 from the Ministry of Justice of Uzbekistan to Zeromax GmbH's representative office in Tashkent (attached hereto as **Exhibit E**). The letter states that the 1993 CCBU Charter and JVA "lost their validity as a result of registration of the corrected and amended constituent documents of the joint venture in 2003." I concur in the analysis and conclusions of Uzbek law contained in that letter.

## II. CLAIMS UNDER UZBEK LAW

13. Breach of Contract – Uzbek law recognizes a claim for breach of contract. Article 333 of the Uzbek Civil Code provides that a person who has not performed an obligation or who has performed it in an improper manner shall bear liability in case of fault, except for instances when a statute or contract provides otherwise. The same Article further provides that unless otherwise provided by a statute or contract, a person who has not performed a contractual obligation or has performed a contractual obligation in an improper manner in the conduct of entrepreneurial activity shall bear liability, unless it shows that proper performance became

impossible as the result of force majeure, *i.e.*, extraordinary circumstances unavoidable in the given situation.

14. Tortious Interference with Business Relations – Uzbek law does not recognize a claim that is analogous to the claim of "tortious interference with business relations". Article 985 of the Uzbek Civil Code does contain a claim for harm caused by unlawful actions (or failure to act). Interference with business relations by itself is not considered an unlawful action under Uzbek law.

15. Conversion – Uzbek law recognizes a claim analogous to the claim of "conversion". Article 228 of the Uzbek Civil Code provides that the owner is entitled to claim back its property from the illegal possession of a third person.

16. Conspiracy – Under Uzbek law a claim for civil conspiracy does not exist. The claim of conspiracy is only recognized under Uzbek criminal law, and then only in connection with claims under the Uzbek Criminal Code.

17. Quiet Title – Uzbek law does not recognize a claim that is analogous to the claim of "quiet title".

18. Unjust Enrichment – Uzbek law recognizes a claim similar to the claim of "unjust enrichment". Article 1023 of the Uzbek Civil Code provides that a person who, without bases established by a statute or a transaction, has obtained or economized property (the recipient) at the expense of another person (the victim) shall be obligated to return to the latter the unjustly obtained or economized property (unjust enrichment). In other words, in Uzbek law "unjust enrichment" is a claim against a person who obtained the property in the absence of appropriate legal bases.

19. Fraudulent Conveyance – The Uzbek Civil Code recognizes the concept of a fictitious or fraudulent transaction. Under Article 124 of the Civil Code, a transaction made without any intention to create legal consequences (fictitious transaction) and a transaction made with a purpose to cover up another transaction (fraudulent transaction) is considered to be null and void.

### III.  ADDITIONAL POINT OF UZBEK LAW

20. Article 1184 of the Uzbek Civil Code provides that the right of ownership and other rights to a thing to immovable and moveable property shall be determined according to the law of the country where this property is situated unless proved otherwise by law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Tashkent, Uzbekistan, this 6th day of February, 2007.



_____
Mr. Azamat R. Fayzullaev