# EXHIBIT 17



EXHIBIT ./R7-29
submitted by Wolf Theiss

## MINUTES OF THE GENERAL MEETING OF PARTICIPANTS OF
## "COCA-COLA BOTTLERS UZBEKISTAN LTD" (the "Company")

PROTOCOL No. 5/2002

Tashkent,                                                       October 22, 2002
Republic of Uzbekistan

**Attending Participants:**

Mr. Selcuk Erden – representing "The Coca-Cola Export Corporation" (hereafter "TCCEC");

Mr. Srajiddinov F.N. – representing the Association of Companies of the Confectionery, Tea, Beer, and Non-Alcoholic Beverages Industry "OziqOvkatSanoat" (hereinafter "Association Pischeprom")

TCCEC and Association Pischeprom are each individually referred to herein after as "Participant" and collectively as "Participants".

**Invited:**

1. Khalmukhammedov B.J., Chairman of the Association Pischeprom;
2. Khabiev F.M, Deputy of the Chairman of the State Committee of the Republic of Uzbekistan on Management of State Property and Support of Entrepreneurship;
3. Jamol Askarov, legal counsel for TCCEC;
4. Umnova O.P., legal counsel of the Association Pischeprom;
5. Hans Adlung;

**Agenda:**

1. Selection of a chairman and a secretary for the meeting.
2. Information on decisions of Uzbek commercial courts with regard to removal of participatory interest of Roz Trading LTD (Cayman Islands) ("Roz Trading") from the charter fund of the Company and Decree No. 420.
3. Amendments to constitutive documents of the Company.
4. Decisions relating to management of the Company.
5. Other relevant items.

**Minutes:**

The present General Meeting of Participants has been called upon by Mr. Khalmukhammedov B.J. pursuant to Article 4.3 of the Company Charter, and the Participants acknowledge by their signature hereunder that any resolutions taken herein are valid and binding resolutions of the General Meeting of Participants of the Company.

Association Pischeprom and TCCEC have confirmed that notice of the General Meeting of Participants called for October 22, 2002, was sent to the address for service provided by TCCEC. The Participants unanimously acknowledge that they have waived the notice period requirements and procedures stated in the new Law of the Republic of Uzbekistan "On Limited and Additional Liability Companies" dated December 6, 2001 (the "Law on LLC") and that any resolutions taken hereunder are valid and binding resolutions of the General Meeting of Participants.

Pursuant to a judgment of the Economic Court of Tashkent City dated June 3, 2002, on case No. 10-0207/1409 regarding a suit brought by a liquidation commission of Roz Trading LTD (Uzbekistan) ("Roz Uzbekistan") against the Company, Association Pischeprom, TCCEC and Roz Trading to remove a participatory interest of Roz Trading from the property of the Company, the Economic Court of Tashkent City removed the 23.416% participatory interest of Roz Trading (the "Removed Interest") from the property of the Company and granted it to the benefit of Roz Uzbekistan. TCCEC's appeal to Economic Court of Tashkent City was rejected on July 3, 2002 (both decisions of the Economic Court of Tashkent City made on June 3 and July 3, 2002 are hereby collectively referred to as the "Judgment". TCCEC filed a complaint to a higher court, the High Economic Court of the Republic of Uzbekistan, against the Judgment. In its decision dated September 11, 2002 (the "Court Decision"), the High Economic Court of the Republic of Uzbekistan confirmed validity and enforceability of the Judgment. Thus, pursuant to the Judgment and the Court Decision, Roz Trading has lost all its participatory interest in the charter fund of the Company.

Upon receipt of the Court Decision on September 26, 2002, TCCEC dissented the Court Decision under Uzbek law by filing applications for a protest to high-ranking officials of the General Prosecutor Office of the Republic of Uzbekistan and the Supreme Economical Court of the Republic of Uzbekistan. However, such high-ranking officials have not found grounds to protest the Judgment and the Court Decision and have rejected TCCEC's applications. Thereafter, as TCCEC has exhausted all legal remedies to contest the Judgment and the Court Decision, it has no choice, but to acknowledge that the Judgment and the Court Decision have become enforceable and binding upon everyone. The Cabinet of Ministers of the Republic of Uzbekistan (the "Cabinet of Ministers") issued Decree No. 420 dated July 5, 2002 ("Decree No. 420") stating that the said Decree was issued pursuant to the Judgment and the proposal of Association Pischeprom, Ministry of Finance and the liquidation committee of Roz Uzbekistan. Decree No. 420 instructed the transfer of the Removed

Interest, which was intended to be removed from the Company for the payment of debts of Roz Uzbekistan to the State budget, to the Association Pischeprom. Decree No. 420 further ordered to amend the constitutive documents of the Company accordingly and to register officially such amendments.

Pursuant to the above, the Company has two participants, TCCEC and the Association Pischeprom, that own the following participatory interests in the charter fund of the Company: (i) TCCEC holds 42.882% (forty two point eight eight two per cent) participatory interest and (ii) the Association Pischeprom holds 57.118 % (fifty seven point one one eight per cent) participatory interest.

Pursuant to Article 4.5 of the Company Charter, as of the date of this meeting, this General Meeting of Participants has sufficient representation from its Participants to constitute a quorum for this meeting.

Now, after having established the validity of the meeting in progress, the Participants have discussed the following:

1. **SELECTION OF A CHAIRMAN AND A SECRETARY FOR THE MEETING.**

The Participants addressed the notice requirement for the meeting and the appointment of a chairman and a secretary for the General Meeting of Participants. The candidacy of Mr. Khalmukhammedov B.J. and Ms. Umnova were put forward as Chairman and Secretary of the General Meeting of Participants. In addition, the Participants exchanged copies of powers of attorney issued by TCCEC and Association Pischeprom. After discussion, the Participants unanimously:

NOTED, that the Participants waived the notice period requirements that was necessary to call this General Meeting; and further

RESOLVED (No. 1), that Mr. Khalmukhammedov B.J. be appointed Chairman and Ms. Umnova as Secretary of the General Meeting of Participants; and further

NOTED, that Mr. Selcuk Erden and Mr. Srajiddinov F.N., the representatives of the Participants, have full authority to represent their respective principals at this meeting and to sign on their behalf all documents necessary to adopt and enforce all decisions of this General Meeting of Participants, and to bind TCCEC and Association Pischeprom to any such documents in carrying out all obligations related to such decisions.

3

2. **INFORMATION ON DECISIONS OF UZBEK COMMERCIAL COURTS WITH REGARD TO REMOVAL OF PARTICIPATORY INTEREST OF ROZ TRADING LTD (CAYMAN ISLANDS) ("ROZ TRADING") FROM THE CHARTER FUND OF THE COMPANY.**

The Participants discussed the effects of the Judgment and the Court Decision as outlined above. Mr. Khalmukhammedov emphasized to the Participants that Decree No. 420, had instructed the transfer of the Removed Interest, which was intended to be used for the payment of the debts of Roz Uzbekistan to the State budget, to the Association Pischeprom. Ms. Umnova stated that Decree No. 420 is a legislation that is mandatory to all persons on the territory of Uzbekistan under Article 98 of the Constitution of the Republic of Uzbekistan.

After discussion, the Participants:

NOTED, that the Judgment and the Court Decision ordered the removal of the Removed Interest from the Property of the Company, which effectively means that Roz Trading has lost all its participatory interest in the charter fund of the Company;

NOTED, that the Association Pischeprom expressed its desire to receive the Removed Interest; and further

NOTED, that Decree No. 420 instructed the transfer of the Removed Interest, which was intended to be used for the payment of the debts of Roz Uzbekistan to the Uzbek State budget, to the Association Pischeprom.

3. **AMENDMENT TO CONSTITUTIVE DOCUMENTS OF THE COMPANY**

Having reviewed and considered the rulings set out in the Judgement, the Court Decision and Decree No. 420, the Participants discussed the changes to the participatory structure of the Company. Mr. Erden pointed out that in its Decision dated December 4, 2001, on case No. 2494/01-t (the "Appellate Court Decision") that revised a Decision of the Economic Court of Tashkent City dated October 17, 2001, the Economic Court of Tashkent City restored the registration of the 42.882% participatory share of TCCEC in the charter fund of the Company.

In addition, the Participants discussed draft of the Amended and Restated Charter of the Company, which were presented to the Participants before the meeting, and the procedures necessary for creation of other documents for purposes of registration of constitutive documents of the Company with the Ministry of Justice.

4

After discussion, the Participants unanimously:

NOTED, that the Prosecutor General has not responded yet to a request of TCCEC on bringing a protest against the Appellate Court Decision, and that such response is an outstanding document for the Participants to determine charter fund of the Company ; and further

NOTED, that the management of the Company shall obtain an official report from the relevant Uzbek tax authorities with respect to completeness of charter fund of the Company within one week from the date thereof to determine the size of the charter fund of the Company; and further

NOTED, that the Appellate Court Decision acknowledged TCCEC's ownership of 42.882% participatory interest in the charter fund of the Company; and further

NOTED, that acknowledging the mandatory and binding nature of the Judgement, the Court Decision and Decree No. 420, the Association Pischeprom has become the owner of the Removed Interest in addition to its original participatory interest in the charter fund of the Company;

RESOLVED (No. 2), that the Company shall have two participants, TCCEC and the Association Pischeprom, that own the following participatory interests in the charter fund of the Company: (i) TCCEC holds 42.882 % (forty two point eight eight two per cent) participatory interest and (ii) the Association Pischeprom holds 57.118 % (fifty seven point one one eight per cent) participatory interest; and further

RESOLVED (No. 3), that the attached Amended and Restated Charter of the Company is hereby accepted by the Participants for a review to be completed within one week; and further

RESOLVED (No. 4), that an Amended and Restated Joint Venture Agreement shall be prepared and executed by the Participants within 15 days hereof by incorporating the provisions of the attached the Amended and Restated Charter where applicable and the terms and conditions of the existing Joint Venture Agreement which had been executed by the Founders in 1993;

RESOLVED (No. 5), that the President (Генеральный директор) of the Company be authorised to undertake such actions and to facilitate the creation of such documentation as is necessary or desirable to effect the decisions therein.

### 4. DECISIONS RELATING TO MANAGEMENT OF THE COMPANY

The Participants also addressed the removal of Mr. Derek M. Willshee as President (Генеральный директор) of the Company. Mr. Adlung reported to the General Meeting of Participants on certain issues related to the operation of the Company to the date of this meeting before Mr. Adlung came to the Company. The Participants discussed a procedure for termination of the employment of Mr. Willshee.

Thereafter, the Participants addressed the appointment of the new President (Генеральный директор) of the Company and the candidacy of Mr. Hans Adlung was put forward.

After discussion, the Participants unanimously:

RESOLVED (No. 6), to remove Mr. Derek M. Willshee from a position of President (Генеральный директор) of the Company as of today and to authorize Mr. Selcuk Erden with assistance of Mr. Khalmukhammedov B.J. to send the required termination notice to Mr. Derek M. Willshee on behalf of the Company; and further

RESOLVED (No. 7), to ensure that the necessary payments are made to Mr. Willshee by the Company in accordance with the terms of his employment contract with the Company after he signs the document whereby Mr. Willshee acknowledges that he may be liable for any actions he may have taken up to ~~September 21~~ August 12, 2002, outside the regular course of business subject to provisions of Article 6.5 of the Charter and Uzbek labor laws; and further

RESOLVED (No. 8), to appoint Mr. Hans Adlung as President (Генеральный директор) of the Company and to confirm his authority to take all decisions necessary for the day-to-day operations of the Company, in the name and on behalf of the Company, in accordance with the powers delegated to the President (Генеральный директор) of the Company by the Charter of the Company and resolutions of the General Meeting of Participants and to implement the business plans of the Company and the decisions of the General Meeting of Participants; and further

RESOLVED (No. 9), to confirm that for the best interests of the Company Mr. Hans Adlung is granted a full authority to manage the Company, represent it, and sign on its behalf all documents necessary to operate the Company and continue its business, and to bind the Company to any documents in carrying out all financial obligations related to operations of the Company in the ordinary course of business up to US$1,000,000 (one million US Dollars), in accordance with the Charter and the Joint Venture Agreement; and further

RESOLVED (No. 10), to authorize Mr. Selcuk Erden with assistance of Mr. Khalmukhammedov B.J. to negotiate and execute an employment contract with Mr. Adlung on behalf of the Company, with such terms and conditions as he deems appropriate and to approve and declare valid this employment contract between the Company and Mr. Adlung.

5.  OTHER RELEVANT ITEMS.

There being no further business, upon a motion duly made, seconded and carried, the General Meeting of Participants was declared closed.

These minutes are drawn up in the English and Russian languages and are signed by the Chairman of the General Meeting and authorized representatives of each Participant to record their agreement to the actions contemplated by these minutes and the passing of the resolutions contained herein at this General Meeting of Participants.

**CHAIRMAN**

By: _____
Name: Khalmukhammedov B.J.

**SECRETARY**

By: _____
Name: Umnova O.P.

**THE COCA-COLA EXPORT CORPORATION**

By: _____
Name: Selcuk Erden

ASSOCIATION OF COMPANIES OF THE CONFECTIONERY, TEA, BEER, AND NON-ALCOHOLIC BEVERAGES INDUSTRY "OZIQOVKATSANOAT"

By: _____
Name: F. Srajiddinov

7